■ BARRY TEMES et al., Appellants, v COLUMBUS CENTRE LLC et al., Respondents. [851 NYS2d 188]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 26, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion insofar as addressed to the cause of action under Labor Law § 241 (6), that cause of action reinstated, and otherwise affirmed, without costs.

Plaintiff Barry Temes, while working for a contractor in a newly constructed building, allegedly slipped on a patch of ice covered by construction dirt and wrenched his hip. He testified that at the time of the accident, he was returning to his work area from the men's room located on another level, and was walking across a "big, open area" of the basement. On these facts, the claim for alleged violation of Labor Law § 200 and common-law negligence was correctly dismissed in the absence of any evidence that defendants had actual or constructive notice of the particular icy condition where the accident took place. However, the claim under Labor Law § 241 (6) should be reinstated. The accident occurred on a "floor" within the meaning of 12 NYCRR 23-1.7 (d), the provision of the Industrial Code concerning slipping hazards, and the evidence that plaintiff slipped on a patch of ice obscured by construction debris raises a triable issue as to whether "someone within the chain of the construction project was negligent in not exercising reasonable care, or acting within a reasonable time, to prevent or remediate the hazard" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]). Concur—Mazzarelli, J.P., Saxe, Friedman, Catterson and Acosta, JJ.