■ ORLANDO TORO, Respondent, v PLAZA CONSTRUCTION CORP., et al., Appellants. PLAZA CONSTRUCTION CORP., Third-Party Plaintiff, v RITE-WAY INTERNAL REMOVAL, INC., Third-Party Defendant-Appellant. [919 NYS2d 146]—

Plaintiff, a truck driver employed by third-party defendant Rite-Way Internal Removal, Inc. (Rite Way), suffered injuries to his face and right eye when, while performing construction debris removal at a building under renovation, a piece of debris shattered as it was being compacted in the garbage truck and struck him in the face.

Dismissal of the Labor Law § 241 (6) claim was warranted since defendants and Rite Way established that plaintiff was not a worker protected under the Labor Law. Liability under Labor Law § 241 (6) is limited to accidents where the work performed involves "construction, excavation or demolition" (see *Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]; *Maes v 408 W. 39 LLC*, 24 AD3d 298, 300-301 [2005], *lv denied* 7 NY3d 716 [2006]). Here, there is no evidence that plaintiff was performing such work as his activities did not include anything other than driving a garbage truck and picking up debris. He had never been inside the building under renovation, and his contact with the site was limited to pulling up to the loading dock. The debris pick-up was but one of a number of pick-ups plaintiff needed to perform that day.

While the contract between the general contractor defendant Plaza Construction Corp. and Rite-Way called for demolition, as well as rubbish removal, plaintiff was not a member of the demolition team (cf. *Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]; *Rivera v Squibb Corp.*, 184 AD2d 239 [1992]). Furthermore, Rite-Way was not at the site that day to perform demolition, and it had not been there in the nearly three weeks since the phase-one demolition had concluded. Since plaintiff was not performing tasks ongoing and contemporaneous with the greater project, and the work he was performing was a separate activity easily distinguishable from the construction project, he was not intended to be protected by the statute (*see Martinez v City of New York*, 93 NY2d 322 [1999]). Concur—Saxe, J.P., Friedman, Acosta, DeGrasse, Richter, JJ.