Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 16, 2011, which granted plaintiffs motion for partial summary judgment on his Labor Law § 241 (6) claim and on his Labor Law § 200 claim to the extent it is asserted against defendant Tishman Construction, and denied defendants’ cross motion for summary judgment dismissing the Labor Law § 200 claim and the claim for lost wages, unanimously affirmed, without costs.
Plaintiff alleges that he was injured when he slipped and fell on “mud, rocks and water” at a construction site that, at the time, consisted of an open excavation. He claims that a muddy condition had formed on the concrete floor at the bottom of the site due to water from rain and a nearby water main break that occurred a few days before the accident.
Although 12 NYCRR 23-1.7 (e), which protects workers from tripping hazards, is inapplicable to the facts of this case, we find that 12 NYCRR 23-1.7 (d), which protects workers against slipping hazards, is an applicable predicate for the Labor Law § 241 (6) claim (see e.g. Raffa v City of New York, 100 AD3d 558, 559 [1st Dept 2012]; Carty v Port Auth. of N.Y. & N.J., 32 AD3d 732, 733 [1st Dept 2006], lv denied 8 NY3d 814 [2007]; Militello v 45 W. 36th St. Realty Corp., 15 AD3d 158, 159-160 [1st Dept 2005]; Greenfield v New York Tel. Co., 260 AD2d 303, 304 [1st Dept 1999], lv denied 94 NY2d 755 [1999]). Plaintiff did not raise the applicability of 12 NYCRR 23-1.7 (d) in his summary judgment motion (although he asserted it in his complaint and verified bill of particulars), but we reach the issue because it is a legal issue that is apparent on the record, and the determination could not have been avoided if the issue had been brought to defendants’ attention on the motion (see Rajkumar v Budd Contr. Corp., 77 AD3d 595 [1st Dept 2010], citing Chateau D’ If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
Plaintiff was working on a “floor” within the meaning of 12 NYCRR 23-1.7 (d) (see Temes v Columbus Ctr. LLC, 48 AD3d *542 281 [1st Dept 2008]); the floor became covered with mud and water due to a water main break and rain. As the mud was not part of the floor and not an integral part of plaintiffs work, it constituted a “foreign substance” that caused slippery footing (see Conklin v Triborough Bridge & Tunnel Auth., 49 AD3d 320 [1st Dept 2008]; Cottone v Dormitory Auth. of State of N.Y., 225 AD2d 1032 [4th Dept 1996]). Further, plaintiffs testimony that his foreman instructed him to work on the day of the accident, despite the presence of a muddy and wet condition, established negligence for which defendants may be held vicariously liable (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350 [1998]), and defendants failed to raise a triable issue of fact in opposition. The deposition testimony of Tishman Construction’s general superintendent that there was no hazardous slippery condition is conclusory. Nor did defendants submit any evidence that plaintiff was contributorily negligent (see id.; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502 n 4 [1993]).
As to the Labor Law § 200 claim, defendants failed, as discussed, to rebut plaintiffs prima facie showing of a hazardous condition, and the evidence shows that Tishman—but not 795 Columbus—had notice of the water main break and the muddy condition (see Hernandez v Columbus Ctr, LLC, 50 AD3d 597, 598 [1st Dept 2008]; Roppolo v Mitsubishi Motor Sales of Am., 278 AD2d 149, 150 [1st Dept 2000]).
The motion court correctly held that plaintiff’s lost wages claim is an issue of damages to be addressed at trial. Concur— Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.