Hernandez v 601 W. Assoc. (2019 NY Slip Op 03911)





Hernandez v 601 W. Assoc.


2019 NY Slip Op 03911


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9352 301487/14

[*1]Oscar Hernandez, Plaintiff-Appellant-Respondent,
v
601 West Associates, Defendant-Respondent-Appellant.


Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant-respondent.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about April 23, 2018, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-6.1(d), and denied plaintiff's motion to the extent it sought summary judgment on his Labor Law § 240(1) claim and granted the motion to the extent it sought to amend the bill of particulars to allege a violation of 12 NYCRR 23-6.1(d), unanimously modified, on the law, to grant defendant's motion, and to deny plaintiff's motion to amend, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff seeks damages for injuries he sustained when a refrigerator he was pushing up the stairs from the basement of a restaurant fell on him after the rope that tied the refrigerator to a hand-truck being pulled up by another individual broke. Notwithstanding the work being performed in other parts of the premises, and contrary to his own characterization of his work as demolition, plaintiff, whose task was to remove debris and garbage, including the refrigerator, from the basement, was not engaged in an activity protected by Labor Law § 240(1) or 241(6) at the time of his accident (see generally Martinez v City of New York, 93 NY2d 322, 326 [1999]; Toro v Plaza Constr. Corp., 82 AD3d 505 [1st Dept 2011], lv denied 18 NY3d 801 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK