Joseph v Memorial Hosp. for Cancer & Allied Diseases (2025 NY Slip Op 07097)

Joseph v Memorial Hosp. for Cancer & Allied Diseases

2025 NY Slip Op 07097

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 158336/21|Appeal No. 5434|Case No. 2025-01080|

[*1]Capil Joseph, Plaintiff-Respondent,
vMemorial Hospital for Cancer and Allied Diseases et al., Defendants-Appellants, New York Presbyterian Healthcare System, Inc., Defendant.

Dopf, P.C., New York (Martin B. Adams of counsel), for appellants.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about February 20, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) §§ 23-1.7(d) and 23-1.30, and denied the motion of defendants Memorial Sloan-Kettering Cancer Center (MSK), incorrectly sued herein as Memorial Hospital for Cancer and Allied Diseases and Memorial Sloan-Kettering Cancer Center (David H. Koch Center), and Turner Construction Company for summary judgment dismissing that claim, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.
Plaintiff slipped and fell on a puddle of water that leaked from a ceiling pipe in a dimly lit mechanical room while on his way to his work area on the roof to install a window-washing rig. The mechanical room, located on the top floor of the building and accessible only by elevator, had two doors leading to the roof. Before starting work, plaintiff signed papers in the illuminated portion of the room where he could see the documents. Three coworkers, including his foreman, exited one of the doors without incident before plaintiff, the last person to head to the roof, walked toward the door and slipped before reaching it.
The court should not have granted plaintiff, a journeyman ironworker, partial summary judgment on the Labor Law § 241(6) claim, as an issue of fact exists as to whether plaintiff was engaged in construction work when he slipped (see Toro v Plaza Constr. Corp., 82 AD3d 505, 506 [1st Dept 2011], lv denied 18 NY3d 801 [2011]). Although plaintiff claims that he was engaged in work that was part of the overall construction project on the date of the accident, he could not recall the specifics of the work that he was assigned. Defendant Turner's senior project manager testified that as of June 2021, the project was not an "active construction project" and was "essentially completed," as only two Turner employees were assigned to the project and the building had been "turned over" to defendant MSK, had a certificate of occupancy, and was "fully occupied." This included the machine room where plaintiff's accident occurred, which was "not a continuing construction area" and "was suitable for occupancy." Under these circumstances, plaintiff is not entitled to summary judgment.
In addition, the court incorrectly found a prima facie violation of Industrial Code § 23-1.30. Plaintiff testified that the room "wasn't pitch black," but that the light from the illuminated portion "wasn't projecting well enough," and that the open door allowed "some light" into the room. His coworker attested that he heard plaintiff scream as he walked through the door, turned around, and saw plaintiff on the floor and that the light near the door was off. Turner's project manager attested that after the accident, he activated the light switch, which turned on a light near the door. This evidence indicates that although the lights near the door were off, the area was dimly lit, and not completely dark with no light. Thus, the witnesses' "conclusory and nonspecific assertions" about how dark the area was are "insufficient to create an inference that the amount of lighting fell below the specific statutory standard" under Industrial Code § 23-1.30 (Cahill v Triborough Bridge & Tunnel Auth., 31 AD3d 347, 349 [1st Dept 2006]; cf. Oliveira v Top Shelf Elec. Corp., 230 AD3d 1035, 1035 [1st Dept 2024]).
However, defendants' remaining arguments are unavailing. Contrary to defendants' contention that plaintiff failed to establish that defendants had notice of the alleged Industrial Code violations, plaintiff established that his foreman knew or should have known about the puddle of water and lighting conditions (see e.g. Velasquez v 795 Columbus LLC, 103 AD3d 541, 542 [1st Dept 2013]; cf. DeStefano v Amtad N.Y., 269 AD2d 229 [1st Dept 2000] [affirming dismissal of Labor Law § 241(6) claim in the absence of "any evidence tending to show that 'someone within the chain of the construction project' had notice of the overnight accumulation of snow on the ramp on which (the plaintiff) slipped"]). Plaintiff's testimony and his coworker's affidavit indicate that the foreman left the mechanical room using the same exit as plaintiff, who was the last to leave the room. The coworker attested that after he discovered plaintiff on the floor, he brought the foreman back to the room from the roof. Thus, unlike in DeStefano (269 AD2d 229), plaintiff was not the first person to enter the accident site on the morning of his accident.
As to Industrial Code § 23-1.7(d), the court's incorrect finding that the accident occurred in a "passageway" within the meaning of that provision is academic, as the record indicates that plaintiff slipped and fell on a "floor" under that provision (see Temes v Columbus Ctr. LLC, 48 AD3d 281, 281 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025