Lapinski v MIP One Wall St. Acquisition LLC
2026 NY Slip Op 03392
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Krzysztof Lapinski, Plaintiff-Appellant,
v
MIP One Wall Street Acquisition LLC, et al., Defendants-Respondents.

Decided and Entered: June 02, 2026
Index No. 150585/22|Appeal No. 6758|Case No. 2025-06513|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Block O'Toole & Murphy, LLP, New York (David L. Scher of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered October 9, 2025, which granted defendants' motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) causes of action, and denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) cause of action, unanimously reversed, on the law, without costs, defendants' motion denied and plaintiff's motion granted.
Plaintiff was injured when an object, alleged to be a pallet or a skid, fell on his head while he was working as a garbage truck driver at an active construction site owned by defendant MIP One Wall Street Acquisition LLC and where defendant J.T. Magen & Company Inc. was the general contractor. Plaintiff's employer, Independence Carting, had contracted with J.T. Magen to perform Saturday carting services at the site. Plaintiff drove the garbage truck to the loading area where J.T. Magen laborers tasked with debris removal at the construction site loaded construction debris onto the truck while plaintiff operated the truck's compacting machinery. J.T. Magen laborers directed plaintiff to move the garbage truck to another location in the loading dock area for additional construction debris to be loaded. At this second location, plaintiff exited the truck to check its position. When returning to the truck he was hit on the head by an object alleged to be a pallet or skid that fell from an elevated platform adjacent to plaintiff's truck.
Plaintiff's task at the exact moment of his accident is not dispositive of whether he was engaged in a protected activity (see Rodriguez v Riverside Ctr. Site 5 Owner LLC, 240 AD3d 452, 453 [1st Dept 2025]). "Rather, the inquiry includes whether the plaintiff's employer was contracted to perform the kind of work enumerated in the statutes . . . and whether the plaintiff was performing work 'necessary and incidental to' a protected activity" (id.). Here, plaintiff was performing construction debris removal services at the construction site pursuant to a contract between J.T. Magen and his employer. The record establishes that the work he was performing was necessary and incidental to construction-related cleaning for an active construction site (cf. Toro v Plaza Constr. Corp., 82 AD3d 505 [1st Dept 2011], lv denied 18 NY3d 801 [2011]). Therefore, plaintiff was protected by the Labor Law.
[*2]
Plaintiff demonstrated that he is entitled to summary judgment on his Labor Law § 240(1) cause of action. The record indicates that plaintiff was hit on the head by a falling object at the construction site, and that defendants did not provide safety equipment to drivers involved in loading and carting away construction debris at the jobsite (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 8-10 [1st Dept 2011]). Accordingly, plaintiff made a prima facie showing of entitlement to summary judgment on his Labor Law § 240(1) cause of action. Defendants failed to raise a triable issue of fact in opposition (see Klein v City of New York, 89 NY2d 833, 835 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026