■ JESUS CABRERA, Respondent-Appellant, v SEA CLIFF WATER Co. et al., Defendants, and SPERRY CONSTRUCTION CORP. et al., Appellants-Respondents. [776 NYS2d 541]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered September 10, 2003, which, to the extent appealed from, granted so much of the cross motion by defendants Sperry Construction and A.L.L. Assoc. for summary judgment dismissing the cause of action based on Labor Law § 240 (1), but denied so much of that cross motion as sought summary judgment dismissing the cause of action based on Labor Law § 241 (6), unanimously modified, on the law, to the extent of granting summary judgment dismissing the section 241 (6) claim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants Sperry Construction Corp. and A.L.L. Assoc., Inc., dismissing the complaint as against them.

This personal injury action arose out of plaintiff's delivery and preparation of sheetrock, plywood and other building materials to a job site. Inside the loading dock was a hallway that sloped downward toward an elevator. Since the sheetrock and plywood did not fit into the elevator, plaintiff and his coworkers had to cut them in the hallway. When that was completed, plaintiff picked up a broom and swept up the accumulated sheetrock dust and sawdust. During the course of sweeping, he stumbled and fell, injuring a knee.

The sloped hallway where plaintiff fell did not present an elevation-related risk encompassed by section 240 (1) (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]). The motion court erred, however, in not also dismissing the section 241 (6) claim, which requires identification of "a specific Industrial Code provision mandating compliance with concrete specifications" (*Reilly v Newireen Assoc.*, 303 AD2d 214, 218 [2003], *lv denied* 100 NY2d 508 [2003]; *see also Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349-350 [1998]). Plaintiff cited 12 NYCRR 23-1.7 (e) (1) and (2), which require all passageways and work areas to be kept free from accumulations of dirt, debris and materials, as well as any condition that might cause a worker to trip. The location where plaintiff fell must be considered more of a work area than a passageway (*Canning v Barneys N.Y.*, 289 AD2d 32, 34 [2001]), and the sheetrock dust and sawdust appear to have been an unavoidable and inherent result of the cutting of the sheet rock and plywood. Where plaintiff was in the very process of sweeping up the dust he and his fellow workers had just created, there is no basis for imposing liability against defendants for his slip and fall (*Bond v York*

*Hunter Constr.,* 270 AD2d 112, 113 [2000], *affd* 95 NY2d 883 [2000]). Concur—Andrias, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.