■ PAULINE HUTCHINSON et al., Respondents, v CITY OF NEW YORK et al., Defendants, and HAKS ENGINEERS, P.C., Appellant. (And a Third-Party Action.) [795 NYS2d 554]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 28, 2004, which, in an action arising out of an accident that occurred when a truck hit a scaffold hanging

from an overpass above the Bruckner Expressway in the Bronx, on which plaintiff's decedent, an employee of third-party defendant general contractor, was working, insofar as appealed from, denied the motion of defendant-appellant Haks Engineers, P.C. for summary judgment dismissing plaintiffs' Labor Law and common-law negligence claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Haks Engineers, P.C. dismissing the complaint as against it. Appeal from decision of the same court and Justice, dated January 12, 2004, unanimously dismissed, without costs, inasmuch as no appeal lies from a decision directing "Settle order."

Haks's obligation under its consulting contract with the State Department of Transportation to, inter alia, "inspect the work of the contractor involving the maintenance and protection of traffic requirements of the contract" raises no issues of fact as to its liability under Labor Law § 240 (1) and § 241 (6). Unlike *Walls v Turner Constr. Co.* (4 NY3d 861 [2005]), there are no contractual terms creating a statutory agency; there was not only a general contractor in charge of the project, but a state-employed engineer-in-charge to whom Haks reported; Haks had no duty to oversee the construction site and the trade contractors; and there was no evidence that Haks's representative had authority to control activities at the work site or to stop any unsafe work practices. Likewise, inasmuch as Haks was not present at the work site at the time of the accident and did not exercise any actual supervision or control over the work the decedent was performing, plaintiffs' common-law negligence and Labor Law § 200 claims should also have been dismissed as against it (*see Russin v Picciano & Son*, 54 NY2d 311, 316-317 [1981]). Concur—Tom, J.P., Andrias, Friedman, Sullivan and Nardelli, JJ.