■ JOHN ZIERIS et al., Appellants, v CITY OF NEW YORK, Respondent. [940 NYS2d 72]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered January 11, 2011, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff John Zieris, who was employed by nonparty Koch Skanska Inc. (KSI) as an ironworker, was injured while performing rivet removal work on a bridge when he stepped on a loose rivet stem and fell. He commenced this action against defendant alleging, inter alia, violations of Labor Law §§ 200 and 241 (6).

The court properly dismissed the Labor Law § 200 claim as there is no evidence that defendant created the condition. It was neither responsible for nor had any input in setting up the work site. Moreover, plaintiff testified that he did not notice any debris on the platform where he fell before the accident and that proper procedures were in place to clear the platform of any debris during the day. Additionally, neither KSI nor defendant received any complaints regarding any tripping hazards (*see Canning v Barneys N.Y.*, 289 AD2d 32, 33 [2001]). Insofar as plaintiff argues that defendant should have known about the condition, defendant's engineer testified that although proper procedures were in place, it was not possible to catch all of the rivet pieces upon removal and a general awareness of a hazardous condition is insufficient to impute constructive notice (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]; *DeJesus v New York City Hous. Auth.*, 53 AD3d 410, 411 [2008]).

The court also properly dismissed plaintiff's Labor Law § 241 (6) claim, which was predicated on an alleged violation of Industrial Code (12 NYCRR) 23-1.7 (e). Even assuming that the area plaintiff traversed could be deemed a "passageway" within the meaning of section 23-1.7 (e), plaintiff testified that he

tripped on the rivet after he entered the common, open work area (see *Dalanna v City of New York*, 308 AD2d 400, 401 [2003]). Additionally, section 23-1.7 (e) does not apply because the evidence shows that the subject rivet stem constituted an integral part of plaintiff's work. Defendant's evidence that plaintiff was engaged in rivet removal, such work was ongoing in various parts of the bridge, and all falling parts could not be caught while plaintiff and his coworkers were actively engaged in the removal work, established that the rivet stem resulted from the work plaintiff was performing (see *Solis v 32 Sixth Ave. Co. LLC*, 38 AD3d 389, 390 [2007]; *Cabrera v Sea Cliff Water Co.*, 6 AD3d 315, 316 [2004]). Plaintiff's argument that the rivet did not originate from the work that he himself was performing is unavailing, as rivets left by his coworkers, who were performing the same rivet removal work, could still be deemed an integral part of the work (*Cabrera*, 6 AD3d at 316). Concur—Saxe, J.P., Sweeny, Freedman and Manzanet-Daniels, JJ.