■ HECTOR L. SERRANO et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK INC., Respondent. [44 NYS3d 392]—

Orders, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about September 17, 2015, which denied plaintiffs' motion for partial summary judgment on the Labor Law §§ 240 (1) and 241 (6) claims, and granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendant's motion as to the Labor Law § 241 (6) claim insofar as predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2), and to grant plaintiffs' motion for partial summary judgment on that claim, and otherwise affirmed, without costs.

Plaintiff Hector L. Serrano testified that he slipped and fell on a scaffold platform on which he had been performing his work of painting exposed structural steel on the exterior of defendant's building and that after he fell he saw a mixture of paint chips and dust on the platform. The dust was generated by his and his coworker's previous dusting and scraping of paint from the steel. Plaintiff inferred that he must have slipped on the dust and paint chips because he saw nothing else on the platform that could have caused his fall.

Plaintiff established his entitlement to partial summary judgment on the Labor Law § 241 (6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2) by his

uncontradicted testimony that the accident was caused by "accumulations of . . . debris" on the scaffold platform (12 NYCRR 23-1.7 [e] [2]). "[T]hat plaintiff 'slipped,' rather than 'tripped' . . . does not render 12 NYCRR 23-1.7 (e) (2) . . . inapplicable to his case" (*DeMaria v RBNB 20 Owner, LLC*, 129 AD3d 623, 625 [1st Dept 2015]; *accord Lois v Flintlock Constr. Servs., LLC*, 137 AD3d 446 [1st Dept 2016]; *but see Velasquez v 795 Columbus LLC*, 103 AD3d 541 [1st Dept 2013]).

The Labor Law § 240 (1) claim was correctly dismissed since plaintiff's injuries "resulted from a separate hazard wholly unrelated to the danger that brought about the need for the [safety devices] in the first instance" (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]; *see Melber v 6333 Main St.*, 91 NY2d 759 [1998]). Plaintiff does not point to any evidence that he was injured as a result of any attempts to avoid falling off the scaffold (*see Pesca v City of New York*, 298 AD2d 292 [1st Dept 2002]). The accumulation of paint chips and dust on the platform on which plaintiff was working "was one of the usual and ordinary dangers at a construction site[,] to which the extraordinary protections of Labor Law § 240 (1) [do not] extend" (*Cohen v Memorial Sloan-Kettering Cancer Ctr.*, 11 NY3d 823, 825 [2008] [internal quotation marks and citation omitted]).

The Labor Law § 200 and common-law negligence claims were correctly dismissed since the evidence that defendant's safety officer instructed plaintiff and his coworkers on safety rules, exercised general oversight over site safety, and conducted site walk-throughs does not establish that defendant exercised supervisory control over the means or methods of plaintiff's work (*see Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 380-381 [1st Dept 2007]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.