Savlas v City of New York (2018 NY Slip Op 09021)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Savlas v City of New York

2018 NY Slip Op 09021

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Friedman, J.P., Sweeny, Kapnick, Kahn, Singh, JJ.


7929 309332/12

[*1]Panagiotis Savlas, Plaintiff-Respondent-Appellant,
vThe City of New York, et al., Defendants-Appellants-Respondents, CSM Engineering, P.C., Defendant-Respondent.
Malcolm Pirnie, Inc., et al. Third-Party Plaintiffs-Appellants,
vSchiavone Construction Co., et al., Third-Party Defendants, CSM Engineering, P.C., Third-Party Defendant-Respondent.

Goldberg Segalla LLP, New York (Stewart G. Milch of counsel), for The City of New York, appellant-respondent.
Lawrence, Worden, Rainis & Bard, P.C., Melville (Gail J. McNally of counsel), for Malcolm Pirnie, Inc., appellant-respondent/appellant.
Lewis John Avallone Aviles, LLP, New York (Kevin G. Mescall of counsel), for URS Corporation-New York and URS Corporation, appellants-respondents/appellants.
Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for respondent-appellant.
Goldstein Law, PC, Garden City (Jeffrey R. Beitler of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 2, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the Labor Law § 241(6) claim as against them, denied defendant City of New York's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, denied defendants Malcolm Pirnie, Inc., URS Corporation-New York and URS Corporation's (collectively, URS-MP) motion for summary judgment dismissing the common-law negligence claim as against them and on their contractual indemnification claim against defendant CSM Engineering, P.C., and granted CSM's motion for summary judgment dismissing the City's and URS-MP's cross claims for contractual indemnification as against it, unanimously modified, on the law, to grant URS-MP's motion as to the common-law negligence claim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
While working for a contractor at a construction project owned by the City, plaintiff tripped and fell over one of several steel plates covering openings into a lower level of a project [*2]building. The motion court correctly dismissed the Labor Law § 241(6) claim premised on a violation of Industrial Code (22 NYCRR) § 23-1.7(e)(2), because the plates were not scattered materials or debris, but an integral part of the construction (see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805 [2006]; Thomas v Goldman Sachs Headquarters, LLC, 109 AD3d 421, 422 [1st Dept 2013]; Zieris v City of New York, 93 AD3d 479, 480 [1st Dept 2012]).
The court correctly found that neither URS-MP, the construction manager, nor CSM, its subcontractor, was a general contractor or an agent of the City, and correctly dismissed the complaint as against CSM (see Hutchinson v City of New York, 18 AD3d 370 [1st Dept 2005]). The court also correctly dismissed all claims against CSM for contractual indemnification, because there is no evidence that CSM was negligent in the performance of its contract with URS-MP so as to trigger the indemnification clause. However, the court erred in declining to dismiss the common-law negligence claim as against URS-MP (see DaSilva v Haks Engrs., Architects & Land Surveyors, P.C., 125 AD3d 480 [1st Dept 2015]). URS-MP's contract did not establish authority on its part to control the work site. Moreover, plaintiff was not a third-party beneficiary of the contract, and there is no evidence that URS-MP caused or created the alleged dangerous condition of the work site.
The City failed to demonstrate that its employees neither created nor had actual or constructive notice of the alleged dangerous condition of the steel plates and that therefore the Labor Law § 200 and common-law negligence claims should be dismissed as against it (see Mendoza v Highpoint Assoc., IX, LLC, 83 AD3d 1, 6 [1st Dept 2011]). The City's alternative arguments, that the alleged height differential between the floor and the plate was de minimis (see Munasca v Morrison Mgt. LLC, 111 AD3d 564 [1st Dept 2013]) and that the alleged defect was open and obvious and not actionable as a matter of law, are unavailing (see Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 454-455 [1st Dept 2018]).
We have considered plaintiff's and the City's remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK