Spencer v Term Fulton Realty Corp. (2020 NY Slip Op 02855)





Spencer v Term Fulton Realty Corp.


2020 NY Slip Op 02855


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11489 154446/16

[*1] Jhon Spencer, Plaintiff-Appellant,
v
Term Fulton Realty Corp., et al., Defendants-Respondents.


Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Jessica L. Rothman of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 21, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against defendant Bravo Builders, LLC (Bravo) and the Labor Law § 241(6) claim, unanimously modified, on the law, to deny the motion as to the Labor Law § 200 and common-law negligence claims, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured while working as a carpenter for a subcontractor performing construction work. Plaintiff states that iron rods were scattered on the ground along with debris. Plaintiff was directed to pass iron rods to workers above him so that the iron rods could be installed as part of the building's concrete superstructure. To retrieve the iron rods, plaintiff and a coworker had to move a cart loaded with dozens of iron jacks. After moving the cart a couple of feet, the cart's wheels got stuck. When plaintiff's coworker continued to pull it, the cart pinned plaintiff's hand against an iron jack, severing the tip of his index finger.
The court correctly dismissed plaintiff's Labor Law § 241(6) claim insofar as it was predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(1) because neither plaintiff nor the cart that he was pushing actually tripped or slipped (see Serrano v Consolidated Edison Co. of N.Y. Inc., 146 AD3d 405 [1st Dept 2017]). The court also correctly determined that the rods were integral to plaintiff's work, thus requiring dismissal of his Labor Law § 241(6) claim insofar as it was predicated on 12 NYCRR 23-1.7(e)(2) (see Zieris v City of New York, 93 AD3d 479, 479-480 [1st Dept 2012]). The Labor Law § 241(6) claim was correctly dismissed insofar as it was predicated on 12 NYCRR 23-1.28(a) and (b), because the cart that plaintiff was pushing became stuck on the rods underneath it, and not because of any problem with its wheels (see Ali v Sloan-Kettering Inst. for Cancer Research, 176 AD3d 561, 562 [1st Dept 2019]).
The Labor Law § 200 and common-law negligence claims based on a dangerous premises condition should not be dismissed as against Bravo, because defendants failed to establish prima facie Bravo's lack of constructive notice of the dangerous condition (see Pereira v New Sch., 148 AD3d 410, 412-413 [1st Dept 2017]).
A defendant may be held liable for an injury cased by a dangerous condition at the worksite (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). A defendant will be found to have "failed to establish that they lacked constructive notice of the dangerous condition that caused plaintiff's injury, [if] they submitted no evidence of the cleaning schedule for the work site or when the site had last been inspected before the accident" (Pereira, 148 AD3d at 412-413).
Here, plaintiff alleges that there was "garbage" as well as rods on the floor that impeded the cart's movement. Bravo's contract explicitly required it to look for dangerous and hazardous conditions on a daily basis, and to keep the workplace safe. However, since Bravo submitted no evidence as to its inspection and cleaning schedule of the worksite, this claim must be reinstated.
It is not relevant whether the rods on which the cart got stuck were an open and obvious condition that plaintiff could have seen, since that issue raises a question of plaintiff's comparative negligence and does not bear on defendant's own liability (see Gonzalez v G. Fazio Constr. Co., Inc., 176 AD3d 610, 611 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK