Trinidad v Turner Constr. Co. (2020 NY Slip Op 07519)





Trinidad v Turner Constr. Co.


2020 NY Slip Op 07519


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 150133/15 Appeal No. 12655 Case No. 2020-02510 

[*1]Robert Trinidad, Plaintiff-Appellant,
v
Turner Construction Company, Defendant-Respondent.


William Schwitzer & Associates, P.C., New York (D. Allen Zachary of counsel), for appellant.
Tyson & Mendes, LLP, New York (Michael W. Coffey of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered December 10, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the Labor Law §§ 241(6) and 200 and common-law negligence claims, and denied plaintiff's cross motion for leave to amend his bill of particulars to assert a violation of Industrial Code (12 NYCRR) § 23-1.7(e)(1), unanimously reversed, on the law, without costs, defendant's motion denied and plaintiff's motion granted.
Plaintiff testified that he was pushing a container of cinderblocks down a hallway when the front wheel of the container rolled over a piece of plywood covering a three-inch-wide gap in the floor, and the plywood broke. The wheel fell into the gap, and the container tipped forward, spilling its contents and propelling him into the air, head over heels past the container onto his back on the spilled contents on the floor.
As Industrial Code (12 NYCRR) § 23-1.7(e)(1) is applicable to these facts and defendant failed to show that it would be prejudiced by an amendment of the bill of particulars to assert a violation of this provision as a predicate to the Labor Law § 241(6) claim, plaintiff's motion to amend should be granted (see CPLR 3025[b]; McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755 [1983]; Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). In view of the absence of prejudice to defendant, plaintiff was not required to explain his 3½-year delay in bringing this motion (see Kimso Apts., 24 NY3d at 411).
Contrary to defendant's argument in support of dismissing the Labor Law § 241(6) claim, an inadequately protected gap in the floor of a passageway at a construction site that causes a container, dumpster, or the like to become stuck or otherwise lose its balance and trip, slip, or fall violates Industrial Code (12 NYCRR) § 23-1.7(e)(1) and can serve as a predicate for a Labor Law § 241(6) claim (see e.g. Picchione v Sweet Constr. Corp., 60 AD3d 510, 511-512 [1st Dept 2009]; compare Spencer v Term Fulton Realty Corp., 183 AD3d 441, 442 [1st Dept 2020] [Industrial Code (12 NYCRR) § 23-1.7(e)(1) inapplicable where "neither plaintiff nor the cart that he was pushing actually tripped or slipped"]).
Defendant failed to establish prima facie that it neither created nor had notice of the dangerous condition of the hallway floor from which plaintiff's claims arise and, therefore, that the Labor Law § 200 and common-law negligence claims should be dismissed (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The testimony of defendant's superintendent that he was unaware of any previous accidents or complaints concerning the area in which plaintiff's accident occurred presents a conflict with plaintiff's testimony that there had been a similar accident in that location. Moreover, defendant submitted no evidence [*2]showing when the site had last been inspected before the accident (see Spencer, 183 AD3d at 443).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020