Davis v Trustees of Columbia Univ. in the City of N.Y. (2021 NY Slip Op 06319)





Davis v Trustees of Columbia Univ. in the City of N.Y.


2021 NY Slip Op 06319


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Index No. 153678/14 Appeal No. 14608 Case No. 2021-00963 

[*1]Michael Davis, Plaintiff-Appellant,
v
The Trustees of Columbia University in the City of New York et al., Defendants-Respondents, Columbia University Medical Center et al., Defendants. [And Third-Party Actions.]


Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City (Howard B. Altman of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered April 18, 2019, which, to the extent appealed from, granted defendants The Trustees of Columbia University in the City of New York and Sciame Construction, LLC's motion for summary judgment insofar as dismissing plaintiff's common-law negligence and Labor Law § 200 claims and denied plaintiff's motion for summary judgment on his Labor Law § 241(6) claims predicated on violation of Industrial Code §§ 23-1.7(e)(2) and 23-1.7(f), unanimously modified, on the law, to reinstate plaintiff's common-law negligence and Labor Law § 200 claims, and otherwise affirmed, without costs.
The court properly denied both parties' motions for summary judgment on plaintiff's Labor Law § 241(6) claim. Concerning the alleged violation of Industrial Code § 23-1.7(e)(2), issues of fact exist as to whether the wood plaintiff stepped on was integral to the work being performed or constituted an accumulation of debris from previous work (see Rossi v 140 W. JV Mgr. LLC, 171 AD3d 668, 668 [1st Dept 2019]; Serrano v Consolidated Edison Co. of N.Y. Inc., 146 AD3d 405, 405-406 [1st Dept 2017]). Concerning the alleged violation of Industrial Code § 23-1.7(f), defendant failed to establish that the height difference between the two levels did not require a vertical passage as contemplated by the Code provision (see Ferguson v Durst Pyramid, LLC, 178 AD3d 634 [1st Dept 2019]; McGarry v CVP 1 LLC, 55 AD3d 441, 441-442 [1st Dept 2008]; cf. Francescon v Gucci Am., Inc., 105 AD3d 503, 504 [1st Dept 2013]). Issues of fact exist, however, as to whether the failure to provide such a passage was a proximate cause of the accident.
Plaintiff's Labor Law § 200 and common-law negligence claims should not have been dismissed. In claims arising from an alleged defective or dangerous condition existing at the premises, liability may attach to the owner or general contractor if they either created the condition or had actual or constructive notice of it (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). An alleged accumulation of debris may constitute a dangerous condition (see Singh v Manhattan Ford Lincoln, Inc., 188 AD3d 506, 507 [1st Dept 2020]; Spencer v Term Fulton Realty Corp., 183 AD3d 441, 443 [1st Dept 2020]). Defendants failed to establish that they lacked constructive notice of the alleged accumulation of debris. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021