# O'Brien v One Penn Plaza LLC

2025 NY Slip Op 31163(U)

April 8, 2025

Supreme Court, New York County

Docket Number: Index No. 159124/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**               PART                    **14**

*Justice*

--------------------------------------------------------------------------------X

PAUL O'BRIEN,

                              Plaintiff,

                - v -

ONE PENN PLAZA LLC, AMBASSADOR CONSTRUCTION
COMPANY, INC.,

                              Defendant.

--------------------------------------------------------------------------------X


ONE PENN PLAZA LLC, AMBASSADOR CONSTRUCTION
COMPANY, INC.

                              Plaintiff,

                -against-

ABCO PEERLESS SPRINKLER CORP., ABCO PEERLESS
CORPORATION

                              Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159124/2019 |
| MOTION DATE | 04/04/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595513/2020

The following e-filed documents, listed by NYSCEF document number (Motion 002) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 105, 106

were read on this motion to/for               JUDGMENT - SUMMARY               .

Plaintiff's motion for partial summary judgment is on his Labor Law § 241(6) claim is

granted in part and denied in part.

**Background**

In this Labor Law action, plaintiff contends that he was working at a construction site

located at One Penn Plaza in Manhattan when he slipped and fell after stepping on a metal

vacuum hose while stepping off the lowest rung of a ladder. Plaintiff was working with his father

(who was also his supervisor) installing sprinkler systems at the time of his accident (NYSCEF

159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC
Motion No. 002

Page 1 of 6

[* 1]

Doc. No. 72 at 42 [plaintiff's deposition testimony]). He worked for third-party defendant ABCO Peerless (*id*. at 51). At the time of the accident, plaintiff testified that he saw debris, such as ductwork, studs, framing equipment and other items, everywhere (*id*. at 86). Plaintiff was tasked with setting up a sprinkler heads in a particular room, which first involved installing pipes for the sprinklers (*id*.).

The accident occurred while plaintiff was coming down the ladder after installing a second piece of pipe (*id*. at 98). His father was cutting pieces of the pipe and then handed plaintiff these pieces to be hung (*id*. at 102). Plaintiff explained that "So I was coming off the ladder and I stepped off with my left foot and I stepped on something. It went forward. I went back hard, My upper back and middle back hit the floor hard and my head snapped and, you know, my head hit the ground with my hard hat on" (*id*. at 106). "The vacuum hose rolled forward and I went backwards" (*id*. at 107).

### Discussion

Plaintiff seeks summary judgment on two specific Industrial Code sections cited in connection with his Labor Law § 241(6) claim.

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

**159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
  **Motion No.  002**

**Page 2 of 6**

[* 2]                                                    2 of 6

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are not necessary to impose vicarious liability against owners and general contractors, so long as some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

Plaintiff points to Industrial Code Sections 21-1.7(d) and (e)(2). He argues that there were debris and materials strewn about the floor and that these items were not integral to his work setting up the sprinkler system. Plaintiff insists that there is no evidence that any worker or trade was using the metal hose upon which plaintiff tripped or that there was another worker in the area at the time of the accident. He claims that defendant Ambassador Construction Company, Inc. ("Ambassador") was the general contractor and testified that he thought the vacuum hose was being used by Ambassador's laborers (NYSCEF Doc. No. 72 at 43-44). Plaintiff added that he had seen, prior to the accident, Ambassador laborers using shop-vacs to suck up water and gravel (*id*. at 229).

In opposition, defendants (the owner and the general contractor) contend that plaintiff's motion failed to comply with procedural requirements, namely that he did not include a statement of material facts and that he did not annex the pleadings to his motion. Defendants claim that the other Industrial Code sections cited by plaintiff during discovery should be deemed abandoned as he only moved with respect to two sections in this motion.

*The Industrial Code Sections*

22 NYCRR 23-1.7(d) provides that "Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated

159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC                    Page 3 of 6
Motion No.  002

3 of 6

working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

Defendants claim that this section is inapplicable because plaintiff's accident did not occur in a floor, passageway or any other location cited in this section. They also claim that there is no evidence that plaintiff encountered a slippery condition. The Court agrees—plaintiff's version of events is that he stepped down onto a hose which caused him to lose his balance. In this Court's view, a hose does not constitute a slippery condition as contemplated by the statute.

22 NYCRR 23-1.7(e)(2) provides that: "(2) Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

The Court finds that this section is applicable, and that plaintiff is entitled to summary judgment on liability. Plaintiff's uncontroverted testimony is that he fell backwards when stepped down onto a hose, i.e. scattered tools and materials, while performing his work. "That plaintiff slipped, rather than tripped . . . does not render 12 NYCRR 23-1.7 (e) (2) . . . inapplicable to his case" (*Serrano v Consol. Edison Co. of New York Inc.*, 146 AD3d 405, 406, 44 NYS3d 392 [1st Dept 2017] [internal quotations and citations omitted]). Defendants' contention that the accident did not occur in a passageway is accurate, but this code section also provides protections for workers performing their tasks (*id*. [granting summary judgment where plaintiff slipped and fell on debris while painting exposed structural steel]). Moreover, the statute is not limited to injuries arising out of dirt and debris as it specifically cites "scattered tools and materials." Defendants did not cite any binding caselaw for the proposition that the vacuum hose

159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC                                      Page 4 of 6
  Motion No.  002

[* 4]                                               4 of 6

that caused plaintiff's injuries requires this cause of action to fall outside the reach of this Industrial Code section.

**Other Issues**

The Court rejects defendants' assertion that plaintiff's failure to submit a statement of material facts compels the Court to deny the instant motion. "The applicable rule permits a court to require that parties submit a separate statement of material facts with any motion for summary judgment, but it does not obligate a court to impose such a requirement" (*Taveras v Inc. Vil. of Freeport*, 225 AD3d 822, 823, 207 NYS3d 620 [2d Dept 2024]). In fact, the rule states that "the court *may* direct that there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" (22 NYCRR 202.8-g [emphasis added]). The Court did not direct plaintiff to submit such a statement here.

Plaintiff's failure to annex a copy of the pleadings is also not fatal to his motion. As this is an e-filed case, the pleadings are readily accessible both to the Court and all parties on NYSCEF.

And, finally, the Court denies the request that the other Industrial Code sections not cited by plaintiff in his motion "be deemed abandoned." The fact is that defendants did not cross-move for summary judgment dismissing these claims. And plaintiff was not required to make a motion on every single Industrial Code section. There is no basis for defendants' claim that the failure to seek summary judgment on every single Industrial Code section somehow compels the Court to dismiss those remaining claims as abandoned.

Accordingly, it is hereby

159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC                    Page 5 of 6
  Motion No.  002

5 of 6

[* 5]

ORDERED that plaintiff's motion for summary judgment is granted only to the extent that he is awarded summary judgment on liability on his Labor Law § 241(6) claim premised on 23-1.7(e)(2) and denied with respect to the remaining relief requested.

| | |
|---|---|
| __4/8/2025__ | |
| __DATE__ | __ARLENE P. BLUTH, J.S.C.__ |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159124/2019  O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
**Motion No.  002**

**Page 6 of 6**

6 of 6

[* 6]