Zyskowski v Chelsea-Warren Corp. (2025 NY Slip Op 02860)

Zyskowski v Chelsea-Warren Corp.

2025 NY Slip Op 02860

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 161536/19|Appeal No. 4317|Case No. 2023-05231|

[*1]Gregory Zyskowski, Plaintiff-Respondent,
v
Chelsea-Warren Corp., Defendant-Appellant.

Downing & Peck, P.C., Rockville Centre (Marguerite D. Peck of counsel), for appellant.
Jodre Brenecki LLP, Brooklyn (Jordan A. Jodre of counsel), for respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered September 18, 2023, which, to the extent appealed from, denied so much of defendant's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) §§ 23-1.7(e)(1) and (2), unanimously modified, on the law, to grant so much of defendant's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and to grant the motion dismissing the Labor Law § 241(6) claim insofar as that claim is predicated on the first sentence of 12 NYCRR § 23-1.7(e)(1), and otherwise affirmed, without costs.
This Labor Law personal injury action concerns an accident which occurred when plaintiff, a carpenter, stepped on a nail while walking along a five-foot-long passageway at a construction site. In opposition to defendant's motion for summary judgment dismissing the complaint, plaintiff submitted an affidavit from his helper, who was on site at the time of the accident but did not witness it. Plaintiff did not disclose his helper as a witness in response to defendant's discovery demands but nevertheless submitted his affidavit in opposition to the summary judgment motion. Defendant objected to the helper's affidavit in its reply. Plaintiff's counsel then filed a letter in surreply, which the court considered.
An unsworn surreply letter filed without the court's advance permission generally should not be considered (Uniform Rules for Trial Cts [22 NYCRR] § 202.8-c). Nevertheless, here the court providently exercised its discretion in considering the helper's affidavit. Although plaintiff failed to name his helper as a witness in response to defendant's discovery demands, defendant was on notice of the helper's presence on the date of the accident because plaintiff mentioned the helper in his deposition testimony. Moreover, there is no evidence that plaintiff's omission was willful (see Yax v Development Team, Inc., 67 AD3d 1003, 1004 [2d Dept 2009]).
Supreme Court should have dismissed the Labor Law § 200 and common-law negligence claims, as defendant established prima facie entitlement to summary judgment on those claims and plaintiff failed to raise an issue of fact in opposition. Plaintiff expressly based his Labor Law § 200 and common-law negligence claims on a theory that he was injured when he stepped on a nail and that his injuries therefore arose from the condition of the workplace. Thus, defendant was required to establish prima facie that it neither caused or created the dangerous condition nor had actual or constructive notice of it (see id.; Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 68 [1st Dept 2018]). Defendant sustained that burden by submitting plaintiff's deposition testimony that he had swept the area before his lunch break, that everything was where he had left it and the floor was still clean when he returned from his lunch [*2]break, and that he never noticed the nail before the accident, which occurred after plaintiff's lunch break (see Kolakowski v 10839 Assoc., 185 AD3d 427, 427-428 [1st Dept 2020]; Spencer v Term Fulton Realty Corp., 183 AD3d 441, 443 [1st Dept 2020]).
Neither plaintiff's testimony that the building superintendent would inspect the hallways at the end of each day, take pictures, and complain if something was wrong nor defendant's testimony that part of the superintendent's responsibilities included keeping the common areas clean and removing trash raise issues of fact as to whether defendant had notice of any dangerous conditions on the premises. That testimony is only relevant to defendant's ability to supervise and control plaintiff's work and is not relevant to plaintiff's claim based on the condition of the workplace (see McCullough, 132 AD3d at 492). Similarly, plaintiff's testimony that garbage bags of construction debris would accumulate as a result of his work and that some of the garbage bags broke does not raise issues of fact, in light of his specific testimony that he cleaned his work site shortly before his lunch break and was not aware of any dangerous conditions.
The affidavit of plaintiff's helper does not raise an issue of fact with respect to Labor Law § 200 and common-law negligence. The helper's averment regarding the material scattered around the working area and passageway either does not contradict plaintiff's account that he cleaned his work area shortly before his accident or was crafted to avoid the consequences of plaintiff's deposition testimony and raises only feigned issues of fact (see e.g. Branham v Loews Orpheum Cinemas, Inc., 31 AD3d 319, 324 [1st Dept 2006], affd 8 NY3d 931 [2007]).
Supreme Court should also have dismissed the Labor Law § 241(6) claim insofar as it was predicated on the first sentence of 12 NYCRR § 23-1.7(e)(1), which provides, "All passageways shall be kept free from accumulations of dirt and debris and from any other obstruction or conditions which could cause tripping." Plaintiff did not trip on the nail that allegedly injured him (see e.g. Williams v McAlpine Contr. Co., 235 AD3d 521, 522 [1st Dept 2025]).
However, the court properly sustained the Labor Law § 241(6) claim insofar as it is based on the second sentence of 12 NYCRR 23-1.7(e)(1), which provides, "Sharp projections which could cut or puncture any person shall be removed or covered." This provision may be applicable, as the nail that injured plaintiff was a sharp projection within the meaning of the regulation. The record further shows that the area in which plaintiff's accident occurred — an interior corridor or hallway within defendant's premises — was a passageway within the meaning of the regulation (see Quigley, 168 AD3d at 67). Moreover, the court properly denied summary judgment insofar as plaintiff's claim is based on 12 NYCRR 23-1.7(e)(2), as the nail was a sharp projection within the meaning of that regulation and the [*3]area in which plaintiff's accident occurred was a floor, platform, or similar area where persons worked or passed.
Defendant's reliance on the "integral to the work" doctrine is unpersuasive, as appropriate preventive measures would not have made it impossible for plaintiff to do his work (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 320-321 [2024]). Defendant's argument that the nail was a transient condition goes to constructive notice, which is not relevant to Labor Law § 241(6) liability (see Tuohey v Gainsborough Studios, 183 AD2d 636, 639 [1st Dept 1992]).
Finally, to the extent defendant argues that plaintiff either fabricated his accident or caused and created the dangerous condition by which he was injured, these are credibility issues to be determined by the jury, not by the court at the summary judgment stage (see e.g. Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025