Gonzalez v 60-74 Gansevoort St. LLC

2026 NY Slip Op 02061

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Luis Francisco Castro Gonzalez, Respondent,

v

60-74 Gansevoort Street LLC, et al., Appellants.

MJM Associates Construction LLC, Third-Party Plaintiff-Appellant,

Alba Services, Inc., Third-Party Defendant-Respondent.

60-74 Gansevoort Street LLC, Second Third-Party Plaintiff-Appellant,

Alba Services, Inc., Second Third-Party Defendant-Respondent.

Decided and Entered: April 07, 2026

Index No. 157520/17, 595067/18, 595292/21|Appeal No. 6285|Case No. 2024-03525|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Gallo Vitucci Klar LLP, New York (Andrew C. Kaye of counsel), for appellants.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Luis Francisco Castro Gonzalez, respondent.

London Fischer LLP, New York (Robert D. Martin of counsel), for Alba Services, Inc., respondent.

[*1]

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered April 23, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendants 60-74 Gansevoort Street LLC and MJM Associates Construction LLC for summary judgment dismissing plaintiff's claims for violations of Labor Law §§ 240(1), 241(6), and 200, and common-law negligence, and for contractual indemnification against third-party defendant/second third-party defendant Alba Services, Inc, unanimously modified, on the law, to the extent of granting defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim premised on Industrial Code § 23-3.3(c), and otherwise affirmed, without costs.

Supreme Court should have granted defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim premised on violations of Industrial Code § 23-3.3(c), which requires only continuing inspections against hazards that are created by the progress of the work (Wilinski v 344 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 12 [2011]). This provision has been construed as a specific safety rule "designed to protect a worker from the hazards created when a structure is weakened by the progress of the demolition," and therefore did not require defendants to inspect the roof's structural integrity before commencing any asbestos abatement work (Garcia v 225 E. 57th St. Owners, Inc., 96 AD3d 88, 92 [1st Dept 2012] [internal quotation marks omitted]).

Supreme Court properly denied that portion of defendants' motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, as defendants failed to establish that they lacked constructive notice of the hazardous condition that allegedly caused plaintiff's injury (see Spencer v Term Fulton Realty Corp., 183 AD3d 441, 442 [1st Dept 2020]). Defendants did not submit any evidence establishing that they inspected the structural integrity of the wood that broke on the roof, allegedly causing plaintiff's injury, nor have they established that it would have been impossible to inspect the wood before the incident (see Pereira v New Sch., 148 AD3d 410, 412 [1st Dept 2017]).

Finally, Supreme Court properly denied that portion of defendants' motion for summary judgment for contractual indemnification against Alba Services, as the record presents issues of fact as to defendants' negligence (see Byrnes v RP1185 LLC, 238 AD3d 660, 662 [1st Dept 2025]). At most, defendants would be entitled to conditional indemnification, which they have not sought (see Pardo v Bialystoker Ctr. & Bikur Cholim, Inc., 10 AD3d 298, 301 [1st Dept 2004]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026