Ziobro v Milan House Inc.

2026 NY Slip Op 03281

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Witold Ziobro et al., Plaintiffs-Appellants,

v

Milan House Inc. et al., Defendants-Respondents.

Milan House Inc. et al., Third-Party Plaintiffs-Respondents,

v

Robert Holdges Hackney Jr. et al., Third-Party Defendants.

Decided and Entered: May 26, 2026

Index No. 154028/17|Appeal No. 6728|Case No. 2025-02611|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Jodre Brenecki LLP, Brooklyn (Jordan Jodré of counsel), for appellants.

Mauro Lilling Naparty LLP, Woodbury (Glenn A. Kaminska of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered April 22, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Milan House Inc. and Brown Harris Stevens Residential Management LLC for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) §§ 23-1.7(d), (e)(1), and (e)(2), unanimously modified, on the law, to deny defendants' motion to the extent it sought dismissal of the Labor Law § 241(6) claim insofar as predicated on Industrial Code §§ 23-1.7(e)(1) and (2), and otherwise affirmed, without costs.

Plaintiff alleges that he was injured when he and his two coworkers were working while standing in a line on the stairs to transport bags of debris up approximately 10 steps leading to the street. Plaintiff was in the middle of the stairs between his coworkers when he slipped on an accumulation of debris that had fallen from torn bags as they were handed off.

The record evidence showed that the building's basement stairwell, where plaintiff fell, constituted a passageway under Industrial Code § 23-1.7(d) and (e)(1) because plaintiff was required to use the stairs to access the apartment where renovation work was underway (see Rossi v 140 W. JV Mgr. LLC, 171 AD3d 668, 668 [1st Dept 2019]; Harasim v Eljin Constr. of N.Y., Inc., 106 AD3d 642, 643 [1st Dept 2013]). Furthermore, because plaintiff was standing on the stairs to work with his coworkers transporting the bags, the location was a work area under Industrial Code § 23-1.7(e)(2) (see Cabrera v Sea Cliff Water Co., 6 AD3d 315, 316 [1st Dept 2004]).

Defendants also did not establish that the debris on the service stairs was integral to the work. The record indicates that the torn bags of debris could not support their contents, and that workers did not clean the debris that had fallen on the staircase because they were rushing to complete the work while a truck was waiting on the street to remove the debris. On this record, issues of fact remain as to whether the manner in which the debris was transported created an avoidable danger, and whether alternative methods could have been used without making it impossible to complete the work (see Ruisech v Structure Tone Inc., 42 NY3d 1061, 1064-1065 [2024]; Bazdaric v Almah Partners LLC, 41 NY3d 310, 320-321 [2024]). Contrary to defendants' assertion, the accumulation of debris on the stairs was not an inherent result of ongoing demolition work (see Serrano v Consolidated Edison Co. of N.Y. Inc., 146 AD3d 405, 405-406 [1st Dept 2017], lv dismissed 146 AD3d 405 [2017]).

[*2]

Nonetheless, Supreme Court properly dismissed the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.7(d), which relates to slipping hazards such as ice, snow, or other foreign substances. Defendants established that the debris that fell from the bags was not a substance that created a slipping hazard within the meaning of Industrial Code § 23-1.7(d). In opposition, although plaintiff testified that the stairs were "a little" or "somewhat" wet after a snowfall the day before the accident, plaintiffs failed to present evidence that the alleged wet condition from the snow was a proximate cause of the accident.

Supreme Court properly dismissed the Labor Law § 200 and common-law negligence claims, as the accident arose from the means and methods of the debris removal work undertaken by plaintiff's employer (see Murillo v Downtown NYC Owner, LLC, 242 AD3d 488, 489 [1st Dept 2025]). Although Milan House was responsible for the building's daily operations, its general oversight and inspection of the route between the apartment undergoing renovation and the building's service entrance used by plaintiff and his coworkers did not constitute supervisory control over the injury-producing work (see Serrano, 146 AD3d at 406).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026