■ ORLANDO OCAMPO, Respondent, v BOVIS LEND LEASE LMB, INC., Appellant. (And a Third-Party Action.) [998 NYS2d 340]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 7, 2013, which, inter alia, denied defendant's motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) claims, unanimously modified, on the law, to the extent of dismissing the Labor Law § 200 and common-law negligence claims and so

much of the Labor Law § 241 (6) claim as based upon an alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (e), and otherwise affirmed, without costs.

Plaintiff allegedly slipped and fell on ice covering most of the 27th floor of the subject building, while he was carrying metal pipes in the course of performing wall demolition work on an asbestos abatement project. The Labor Law § 200 and common-law negligence claims are dismissed because the record shows that defendant did not exercise supervisory control over the means and methods of the work, which required plaintiff's employer to use water to minimize the risks associated with asbestos (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Francis v Plaza Constr. Corp.*, 121 AD3d 427 [1st Dept 2014]; *Dalanna v City of New York*, 308 AD2d 400 [1st Dept 2003]). The evidence indicated that the ice resulted solely from such work, inasmuch as the building was sealed off from the elements, and no companies other than plaintiff's employer and defendant were permitted to be present on the contamination site.

The court properly declined to dismiss that part of the Labor Law § 241 (6) claim based on an alleged violation of 12 NYCRR 23-1.7 (d), since the evidence indicates that plaintiff slipped and fell while he was working on ice on the floor, which had not been removed, sanded, or covered (*see Booth v Seven World Trade Co., L.P.*, 82 AD3d 499, 500-501 [1st Dept 2011]; *Temes v Columbus Ctr. LLC*, 48 AD3d 281 [1st Dept 2008]). Contrary to defendant's argument, the ice was not integral to the work (*cf. O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805 [2006]), notwithstanding the testimony that the work required the use of a solution of water and a chemical intended to reduce its freezing point.

There is no dispute that dismissal of that part of the Labor Law § 241 (6) claim as predicated on an alleged violation of 12 NYCRR 23-1.7 (e) is warranted, since the provision is inapplicable. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.