■ SERGIO PEREIRA et al., Appellants-Respondents, v THE NEW SCHOOL et al., Respondents-Appellants. [48 NYS3d 391]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered November 4, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7 (d), denied the motion as to the Labor Law § 200 and common-law negligence claims and the Labor Law § 241 (6) claim predicated on 12 NYCRR 23-1.7 (e) and 23-2.1 (a) (1), and denied plaintiffs' motion for partial summary judgment as to liability on the Labor Law § 241 (6) claim, unanimously modified, on the law, to deny defendants' motion as to the Labor Law § 241 (6) claim predicated on 12 NYCRR 23-1.7 (d), and otherwise affirmed, without costs.

Plaintiff Sergio Pereira, a carpenter working at a construction site at a building owned by defendant the New School, was injured when he slipped on wet discarded concrete that was deposited on a piece of plywood on which he was walking, at the end of a passageway, causing his left foot to become entangled with two bundles of rebar protruding from under the plywood. On the afternoon of the accident, plaintiff was tasked with working on the building's fourth floor to erect the next batch of tables and platforms (forms) to construct the fifth

floor. In constructing the tables and forms, plaintiff did not and would not use rebar or concrete.

Plaintiffs argued that they were entitled to partial summary judgment as to liability on the Labor Law § 241 (6) claim because plaintiff's account of the accident demonstrated that defendants failed to provide him with a safe work space by allowing a passageway to be obstructed by slipping and tripping hazards. According to plaintiffs, Industrial Code (12 NYCRR) § 23-1.7 (d) was violated because the wet cement on which plaintiff slipped was a foreign substance. Further, they argued that defendants violated Industrial Code (12 NYCRR) § 23-1.7 (e) when plaintiff, in a passageway, slipped on wet cement and tripped on the rebar. Plaintiffs claimed that defendants violated Industrial Code (12 NYCRR) § 23-2.1 because the plywood and rebar were not safely stored, and obstructed a passageway. Finally, plaintiffs argued that neither the concrete nor the rebar was integral to plaintiff's work.

Defendants opposed plaintiffs' motion, and argued that they were entitled to summary judgment dismissing the Labor Law § 241 (6) claim because the Industrial Code provisions relied upon by plaintiffs were inapplicable to the facts of the case. Specifically, they argued that sections 23-1.7 (d) and (e) did not apply because plaintiff did not injure himself by tripping, the accident did not occur in a passageway, and the wet cement was not a "foreign substance." Further, according to defendants, section 23-2.1 did not apply because plaintiffs' claim did not concern improperly stored materials. Defendants also argued that plaintiff's testimony did not identify what caused his accident, but merely speculated that the wet cement and rebar were the cause. Defendants also sought dismissal of the common-law negligence and Labor Law § 200 claims, asserting that there was no evidence that they controlled plaintiff's work, or that they had notice of the condition that caused the accident.

The motion court denied plaintiffs' motion for partial summary judgment in its entirety. The court found that Industrial Code (12 NYCRR) § 23-1.7 (d) was inapplicable because the cement was a byproduct of plaintiff's work. Thus, the court granted defendants' motion to dismiss the 241 (6) claim insofar as it was predicated on Industrial Code (12 NYCRR) § 23-1.7 (d). As to section 23-1.7 (e), the court denied both parties' motions for summary judgment, finding issues of fact as to whether the rebar constituted a tripping hazard, and whether the accident site was a "passageway." The court also found an issue of fact as to section 23-1.7 (e) (2) and whether the rebar

involved was inherent in plaintiff's work. As to the claim predicated on section 23-2.1 (a) (1), the court found issues of fact as to whether the accident happened in a passageway and whether "improper storage of the concrete and rebar . . . constituted material piles obstructing [a] passageway." Finally, as to the common-law negligence and Labor Law § 200 claims, the court held that the accident arose out of a dangerous condition, and that defendants did not show that they lacked constructive notice of the plywood and rebar, because they failed to submit adequate evidence about the site's last inspection.

We find that the motion court improperly granted defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7 (d) (see *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]). Plaintiffs established that the excess wet concrete discarded on the plywood on which plaintiff slipped was not integral to the work being performed by plaintiff at the accident site (see *Ocampo v Bovis Lend Lease LMB, Inc.*, 123 AD3d 456, 457 [1st Dept 2014]; *Velasquez v 795 Columbus LLC*, 103 AD3d 541, 542 [1st Dept 2013]). Plaintiff did not work with concrete and concrete was not a part of his responsibilities in constructing the tables and forms used to hold the rebar and other ironwork in place. Similarly, the rebar on which plaintiff tripped was not integral to the work he was performing, and defendants' motion for summary judgment dismissing the claim predicated on 12 NYCRR 23-1.7 (e) (2) was correctly denied (see *Maza v University Ave. Dev. Corp.*, 13 AD3d 65, 66 [1st Dept 2004]). Plaintiff presented evidence that he did not work with rebar and that rebar was not integral to any work being done on the day of the accident.

Contrary to defendants' contention, 12 NYCRR 23-1.7 (e) (1) is applicable to plaintiff's accident whether plaintiff slipped and fell or tripped and fell (*Lois v Flintlock Constr. Servs., LLC*, 137 AD3d 446, 447-448 [1st Dept 2016]). Plaintiff's and the work site superintendent's conflicting testimony presents issues of fact whether the accident occurred in a "passageway" (see *Lois*, 137 AD3d at 447; *Dalanna v City of New York*, 308 AD2d 400, 401 [1st Dept 2003]). The testimony also presents an issue of fact whether the concrete placed on the piece of plywood was safely stored, pursuant to 12 NYCRR 23-2.1 (a) (1) (see *Rodriguez v DRLD Dev., Corp.*, 109 AD3d 409, 410 [1st Dept 2013]).

As to the Labor Law § 200 and common-law negligence claims, defendants failed to establish that they lacked construc-

tive notice of the dangerous condition that caused plaintiff's injury, since they submitted no evidence of the cleaning schedule for the work site or when the site had last been inspected before the accident (*see Ladignon v Lower Manhattan Dev. Corp.*, 128 AD3d 534 [1st Dept 2015]). Concur—Mazzarelli, J.P., Manzanet-Daniels, Feinman, Webber and Gesmer, JJ.