Agli v 21 E. 90 Apts. Corp. (2021 NY Slip Op 03540)





Agli v 21 E. 90 Apts. Corp.


2021 NY Slip Op 03540


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Kapnick, J.P., Singh, Moulton, González, JJ. 


Index No. 156425/16 Appeal No. 14033 Case No. 2021-00062 

[*1]Michael Agli, Jr., Plaintiff-Respondent,
v
21 East 90 Apartments Corp. et al., Defendants-Appellants, Insignia Residential Corp., Defendant.


Gallo Vitucci & Klar LLP, New York (William Parra of counsel), for appellants.
Pena & Kahn, PLLC, Bronx (Jeffrey J. Schietzelt of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about June 17, 2020, which granted plaintiff's motion for summary judgment as to liability on the Labor Law § 240(1) claim and denied defendants 21 East 90 Apartments Corp. and Douglas Elliman Property Management's (DEPM) motion for summary judgment dismissing the Labor Law §§ 200 and 241(6) and common-law negligence claims as against them, unanimously affirmed, without costs.
Plaintiff was entitled to summary judgment as to liability on his Labor Law § 240(1) claim (see Dirschneider v Rolex Realty Co. LLC, 157 AD3d 538, 539 [1st Dept 2018]). Plaintiff testified that he was injured as he and two coworkers employed by nonparty Dunwell Elevator Electrical Industries were attempting to lower a steel bedplate weighing approximately 500 pounds down an exterior flight of stairs on a hand truck. Plaintiff was not provided with any hoisting equipment to use on the staircase and defendants had previously refused Dunwell's requests to bring equipment through the building's lobby and down the shaftway of the lobby elevator, which was already outfitted with rigging equipment. Instead, defendants instructed Dunwell to bring their materials through the courtyard behind the building and down an exterior staircase to the basement. Plaintiff testified that he was holding the hand truck by the handles at the top, while his coworkers held it from the bottom to control its descent, and as the hand truck was going down the first step, one of the coworkers, a helper, "kind of let off the pressure" on his side of the hand truck, causing the hand truck to go down the first step "very fast," which "jerked" plaintiff and caused him to slip on some dirt, gravel, or debris on the step. Plaintiff testified further that at that point he attempted to hold back the weight of the steel bedplate and stop the load's descent. Plaintiff "yelled out a little bit" and the three workers rested for approximately 30 seconds, before continuing the descent down the stairs. All three workers rested at the bottom of the stairs before moving the bedplate into the building. During this break, plaintiff told his coworkers "I pulled my shoulder out and my back is killing me."
Defendants argue that issues of fact exist as to the manner in which the accident occurred because plaintiff's testimony is contradicted by the testimony of his co-worker, Curtis Browne. The motion court properly rejected this argument, finding that "Mr. Browne's testimony does not contradict plaintiff's testimony in any material way." To the extent there are differences in the testimony about whether Browne was holding the handcart from the top or the bottom, whether Browne recalled seeing any gravel on the stairs, or to the extent Browne was not able to recall any quick descent of the handcart or the loss of control of the handcart due to the helper suddenly releasing pressure, these differences do not contradict plaintiff's testimony that he was [*2]injured while lowering a 500 pound steel bedplate down a flight of stairs. Moreover, Browne's testimony did confirm that the three workers rested at some point while maneuvering the steel bedplate, that plaintiff yelled "ouch" at some point during the descent, and that when they reached the bottom of the stairs, plaintiff said that he thought he had injured himself. 
In light of the foregoing, we need not address the Labor Law § 241(6) claim (Sunun v Klein, 188 AD3d 507, 509 [1st Dept 2020]).
Defendants' motion for summary dismissal of plaintiff's Labor Law § 200 and common-law negligence claims was correctly denied because issues of fact exist, regardless of whether the claims are premised on defendants' control of the means and methods of plaintiff's work or on a dangerous premises condition, or both (see Valle v Port Auth. of N.Y. & N.J., 189 AD3d 594, 596 [1st Dept 2020]). Both plaintiff and the building superintendent testified consistently that Dunwell employees were not allowed to bring materials into the building through the lobby but were required to take them down the stairs where plaintiff's accident took place. Both plaintiff and Browne also testified consistently that it would have been safer for them to bring materials into the building through the lobby, but failing that, they should have been supplied with rigging equipment to lower their materials safely down the stairs. Furthermore, defendants submitted no evidence of their inspection and maintenance activities on the day of plaintiff's accident and no evidence that there was no dirt, gravel, or debris on the steps, as plaintiff testified, when the stairs were last inspected or cleaned (see Barrett v Aero Snow Removal Corp., 167 AD3d 519, 520 [1st Dept 2018]; Pereira v New Sch., 148 AD3d 410, 412-413 [1st Dept 2017]).
We reject defendants' arguments that the Labor Law § 200 and common-law negligence claims should be dismissed as against DEPM on the ground that DEPM did not owe plaintiff a duty pursuant to its management agreement with 21 East 90 Apartments Corp. (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]), because defendants did not submit the management agreement in support of their motion (see generally Laronga v Atlas-Suffolk Corp., 164 AD3d 893, 895-896 [2d Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021