| |
|---|
| **Pecoraro v City of New York** |
| 2024 NY Slip Op 33624(U) |
| October 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160517/2018 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JEANINE R. JOHNSON                         PART                    52-M

                                                    *Justice*

-------------------------------------------------------------------------X

FRANK MARIO PECORARO,

                            Plaintiff,

            - v -

THE CITY OF NEW YORK, THE CARNEGIE HALL
CORPORATION, TRANSEL ELEVATOR & ELECTRIC, INC.
D/B/A TEI GROUP

                            Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160517/2018 |
| MOTION DATE | 02/26/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 128, 131, 132, 135, 137, 138

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents and oral argument on 07/31/2024, Plaintiff – Frank Pecoraro's motion for summary judgment as to liability against Defendants – The City of New York and Carnegie Hall Corporation (hereinafter, collectively "Defendants") pursuant to CPLR § 3212 is denied in its entirety.

Plaintiff suffered from injuries after falling from an elevated gondola rail on the roof of Defendants' property. (NYSCEF Doc. No. 1). Plaintiff alleges he was constrained to walk on a hazardous condition to access the elevator machine room he was hired to repair in violation of Labor Law §§ 200, 240(1) and 241(6), and Industrial Code § 23-1.7(d). *Id.*

Labor Law § 200 or common law negligence mandates that owners and contractors take reasonable steps to shield workers and give them safe workplaces. *See generally Lourenco v. City of New York*, 288 A.D.3d. 577 (1st Dep't 2024).  Labor Law § 240(1) safeguards the protection of workers "from injury caused by an inadequate protective device designed to shield

[* 1]

him from the fall of object or person." *See Boyle v. 42nd Street Development Project, Inc.*, 38 A.D.3d 404, 406 (1st Dep't 2007); NY Labor § 240(1). Labor Law § 241(6) mandates that all areas in which construction, excavation or demolition work is being performed are to be kept in a state that provides reasonable and adequate protection and safety to those employed therein or lawfully there. NY Labor § 241(6); *see generally Pereira v. New* School, 148 A.D.3d 410 (1st Dep't 2017). Lastly, Industrial Code § 23-1.7(d) is violated when an employer permits a passageway, walkway, scaffold, platform, or other elevated working surface to be in a slippery condition. *Pereira*, 148 A.D.3d 410.

To succeed on a motion for summary judgment, the moving party must make a prima facie showing of entitlement to summary judgment as a matter of law by demonstrating the absence of any material issues of fact. *See generally Friends of Thayer Lake LLC v. Brown*, 27 N.Y.3d 1039 (2016). *Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824 (2014); CPLR §3212(b). "If the moving party makes out a prima facie showing, the burden then shifts to the non-moving party to establish the existence of material issues of fact which preclude judgment as a matter of law." *Jacobsen*, 22 N.Y.3d at 833. If there are no material, triable issues of fact, summary judgment must be granted. *See Sillman v. Twentieth Century-Fox Film Corp.*, 3 N.Y.2d 395 (1957).

Plaintiff argues that the proximate cause of his injuries was Defendants failure to provide him with a safe working environment. Plaintiff asserts that he was instructed by Carnegie Hall's building engineer to access the worksite by the gondola rail and Defendants created the hazardous condition by not maintaining a safe path to the elevator repair room on the roof. (NYSCEF Doc. No. 96). Plaintiff contends Defendants caused or created the condition because Defendants had actual notice that there was no clear and safe path to the elevator machine room.

**160517/2018  PECORARO, FRANK MARIO vs. CITY OF NEW YORK**
**Motion No. 003**

**Page 2 of 4**

2 of 4

[* 2]

Transel Elevator and Electric Inc., (hereinafter "TEI"), completed an assessment of the working conditions 18 months prior to the accident. Plaintiff contends that TEI informed Defendants that the pathway to the elevator machine room was dangerous and recommended alternatives for safer access. (NYSCEF Doc. No. 107).

Defendants argue that Plaintiff is not entitled to summary judgment on his Labor Law § 240(1) claim because Defendants provided warning signs advising not to walk on top of the gondola rail and Plaintiff chose the hazardous route despite these warning signs. (NYCEF Doc. No.'s 108, 110). Additionally, Plaintiff testified that he took photos of the route and he and his working partner called TEI to ask how to proceed to the machine room. (NYSCEF Doc. No. 96). Plaintiff testified that TEI approved the route taken. *Id.* Defendants contend that Labor Law § 241(6) and Industrial Code § 23-1.7(d) do not apply because a gondola rail is not a floor, passageway, walkway, scaffold, platform, or other elevated working surface. Lastly, Defendants contend that Labor Law § 200 and common law negligence is inapplicable because Plaintiff cannot show that Defendants exercised direction and control over Plaintiff's activities.

This Court finds that Plaintiff did not meet its prima facie burden. Disputes of material fact exists as to whether Defendants caused or created the hazardous condition and whether they exercised discretion and control over Plaintiff's activities.

Accordingly, it is hereby,

ORDERED that Plaintiff, Frank Pecoraro's motion for summary judgment is denied in its entirety.

160517/2018  PECORARO, FRANK MARIO vs. CITY OF NEW YORK
Page 3 of 4
Motion No. 003

3 of 4

[* 3]

This constitutes the Decision and Order of the Court.

10/8/2024
DATE

JEANINE R. JOHNSON, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

160517/2018   PECORARO, FRANK MARIO vs. CITY OF NEW YORK
Motion No.  003

Page 4 of 4

[* 4]