| **Peralta v 204 Keap LLC** |
| --- |
| 2024 NY Slip Op 34004(U) |
| November 12, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 505226/2020 |
| Judge: Wayne Saitta |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 12th day of November 2024.

P R E S E N T:

HON.  WAYNE SAITTA, Justice.

-------------------------------------------------------------X

JORDY PERALTA,

                              Plaintiff,

          -against-

204 KEAP LLC, BRUMAN REALTY LLC and
GUB MAINTENANCE INC.,

                              Defendants.

-----------------------------------------------------------------X

GUB MAINTENANCE INC.,

                              Third-Party Plaintiff,

          -against-

BIG APPLE DESIGNERS INC. and
CIS ENTERPRISES CORP.,

                              Third Party Defendants

-----------------------------------------------------------------X

BIG APPLE DESIGNERS INC.,

                              Second Third-Party Plaintiff,

          -against-

KASHES PROPERTIES INC.,

                              Second Third-Party Defendant

-----------------------------------------------------------------X

Index No. 505226/2020

MS 9

DECISION and ORDER

The following papers read on this motion:

|  | NYSCEF Doc Nos |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 244-257 |
| Cross-motions Affidavits (Affirmations) and Exhibits | |
| Answering Affidavit (Affirmation) | 261-279, 359-364 |
| Reply Affidavit (Affirmation) | 423 |
| Supplemental Affidavit (Affirmation) | 471, 496,497 |

[* 1]

Plaintiff alleges he was injured when he slipped on a staircase on a construction site that was covered with dust, debris and small pieces wood. The building was being renovated and Plaintiff was installing windows on the fourth floor. He was descending the stairs to go to the bathroom and fell on the stairs between the second and third floors.

He moved for partial summary judgement as to liability against Defendants 204 KEAP LLC and GUB MAINTENANCE, IN, (GUB) on his claims pursuant to Labor Law §§ 241(6) and 200.

As a preliminary matter, the complaint has previously been dismissed as against Defendant 204 KEAP LLC, the owner of the building.

Defendant GUB was the general contractor on the job and thus a proper Labor Law defendant.

## Labor Law §241(6)

Plaintiff cites three NYS Industrial Code sections in support of his § 241(6) claims: 23-1.7(d), 23-1.7(e)(1) and 23-2.1(a)(1).

Section 23-1.7(d) provides:

[e]mployer shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform, or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded, or covered to provide safe footing.

To meet his burden for summary judgment based on § 23-1.7(d), Plaintiff must demonstrate that 1) the dust, debris, and pieces of wood on the stair were foreign objects, 2) that they were slippery, and 3) and they were not integral to the task at hand (*see Bazdaric v. Alamah Partners LLC,* 41 NY3d 310 [2024]).

The *Bazdaric* case involved a painter who was injured when he slipped on a plastic tarp put over an escalator. The Court of Appeals found that the plastic tarp constituted a foreign substance because it "was not a component of the escalator and was not necessary

2

[* 2]

to the escalator's functionality" (*id.* at 319-320). The Court of Appeals held that § 23-1.7(d) was not limited to the substances listed in the section, but that the language "other foreign substances" includes substances that share a quality common to the enumerated items (*id.* at 320).

Dust, debris and loose pieces of wood are not components of stairs nor are they necessary to the stairs functionality, and therefore are foreign substances within the meaning of § 23-1.7(d). Dust, debris, and loose pieces of wood can cause slippery footing and Plaintiff testified that he slipped on them going down the stairs.

Section 23-1.7(d) does not apply where the slippery foreign substance is an integral part of the work (*see Rodriguez v. Dormitory Auth. of the State of NY,* 104 AD3d 529 [1st Dept 2013]; *Kowalik v. Lipschutz,* 81 AD3d 782 [2d Dept 2011]).

However, section 23-1.7(d) is only inapplicable where the foreign substance or slippery condition is not integral to the work that Plaintiff was performing at the time he was injured (*see Bazdaric v. Alamah Partners LLC,* 41 NY3d 310 [2024]; *Pereira v. New School,* 148 AD3d 410 [1st Dept 2017]).

Here, the dust, debris and loose wood was not integral to Plaintiff's task. Plaintiff was installing windows on the fourth floor and was not carrying any material at the time of his accident.

Further, in the present case, not only was the accumulation of dust, debris or loose pieces of wood not integral to Plaintiff's work, it was not integral to any task. The staircase was not being used as a work area so there was no task at hand on the staircase. There was no evidence presented that there was any work that would have been prevented or impeded by cleaning the stairs and removing the dust, debris and loose wood. The dust, debris and loose wood was not serving any functional purpose.

3

[* 3]

Defendants' arguments that *Bazdaric* is inapplicable because *Bazdaric* involved a work area while the present case did not, is misplaced. The stairway here was clearly a passageway and § 23-1.7(d) by its terms covers passageways as well as work areas.

Plaintiff also asserts that the dirt and debris on which in slipped constituted a violation of § 23-1.7(e)(1) which provides:

> [a]ll passageways shall be kept free from accumulations of dirt and debris and from other obstructions or conditions which could cause tripping.

Section 23-1.7(e)(1) applies whether a worker tripped or slipped on the accumulation of dirt and debris in the passageway (*see Pereira v New School,* 148 AD3d 410 [1st Dept 2017]; *Lois v. Flintlock Constr. Services LLC,* 137 AD3d 446 [1st Dept 2016]).

Having demonstrated that the accumulation of dust, debris and loose wood constituted a violation of both § 23-1.7(d) and § 23-1.7(e)(1), Plaintiff is entitled to summary judgment on his claim pursuant to Labor Law §241(6).

## Labor Law §200

Plaintiff has failed to meet his burden for summary judgment as he did not show that Defendant GUB had actual or constructive notice of the condition of the stairs.

Plaintiff submitted no evidence showing that Defendant GUB had actual notice of the condition.

While Joseph Lipschitz, the principal of Defendant GUB, testified that the stairs had last been cleaned four days before the accident, he also testified that he was at the building "nearly daily" and that the stairs were clean when he saw them at various times in January.

4

[* 4]

Plaintiff did not identify how long the dust, debris and loose wood was on the stairs prior to his fall. Plaintiff testified that he did not see the dust, debris or loose wood on the stairs prior to his fall and submitted no other evidence of how long the condition existed prior to his fall.

Plaintiff failed to provide any evidence regarding the condition that would permit a determination that the debris existed for a sufficient length of time prior to the accident that would have permitted Defendant GUB to discover and remedy it (*see Gordon v. American Museum of Natural History*, 67 NY2d 836 [1986]; *Jack v Weiner,* 200 AD3d 762 [2d Dept 2021]).

For this reason, Plaintiff is not entitled to summary judgment on his claims pursuant to Labor Law § 200.

WHEREFORE it is hereby ORDERED that Plaintiff is granted partial summary judgment as to liability against Defendant GUB MAINTENANCE INC. on his claims pursuant to Labor Law § 241(6); and it is further,

ORDERED, that that part of Plaintiff's motion for summary judgment on his claims pursuant to Labor Law § 200 is DENIED.

This constitutes the Decision and Order of this Court.

E N T E R:

_____
JSC

5