| |
|---|
| **Lopez v Port Auth. of N.Y. & N.J.** |
| 2025 NY Slip Op 31878(U) |
| January 3, 2025 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 31034-2018E |
| Judge: Myrna Socorro |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
Darwin Lopez,

                                              Plaintiff

                    -against-

The Port Authority of New York and New Jersey,
Flight Center Hotel LLC, MCR Development LLC,
Turner Construction Company and Parkview
Plumbing & Heating Inc.,

                                              Defendants
------------------------------------------------------------------------X

Index No. 31034-2018E
Motion seq #4

**DECISION & ORDER**
**Hon. Myrna Socorro, J.S.C.**

The following papers were read on this motion (Seq. No. 4) for **SUMMARY JUDGMENT** noticed

for and submitted on May 24, 2024.

| Papers | NYSCEF Doc. No. |
|---|---|
| Notice of Motion – Affirmation and Exhibits, Memorandum of Law | # 75 – 85 |
| Affirmation in Opposition and Exhibits | # 91 – 94 |
| Reply Affirmation and Affidavit | # 95 – 96 |

Upon the foregoing papers, Plaintiff moves for an order pursuant to CPLR §3212 granting him, inter alia, partial summary judgment as to liability on his Labor Law §241(6) and §200 claims against defendants THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY (PA), FLIGHT CENTER HOTEL, LLC (Hotel) and TURNER CONSTRUCTION COMPANY (Turner) (collectively Defendants). Defendants oppose the motion, which is decided in accordance herewith.

*Statement of Facts and Procedural History*

Plaintiff commenced the instant action on September 26, 2018, for personal injuries he allegedly sustained while performing construction work on October 30, 2017 at the former Transworld Airlines building, John F. Kennedy Airport, Queens, New York (the Premises) when he stepped on a section of pipe on a concrete slab in the subcellar and fell. Plaintiff testified that he was employed by non-party Urban Foundation and that he received all instructions relating to his work from his foreman, Benny, another Urban Foundation employee. Plaintiff testified that on the morning of the accident, Benny instructed Plaintiff to go to the subcellar and move concrete pipe previously stored there. He testified that one portion of the subcellar floor was a concrete slab, while the rest was sand and that the concrete pipe was stored on a rack in the sandy area. Plaintiff further testified that he took a section of concrete pipe off the rack, put it on his shoulder, and carried it across the slab. He testified that while traversing the slab, he stepped on a section of black pipe, which he characterized

1

[* 1]

as "trash pipe," slipped, and fell.

In support of his motion, Plaintiff submits, inter alia, plaintiff's deposition transcript, deposition transcript of Rick Faustini (Turner), a forensic analysis and report prepared by Robert T. Fuchs, P.E., photographs, a Construction Management Agreement between Hotel and Turner, and a Lease and Development Agreement between the PA and Hotel.

Defendants, in opposition, submit, inter alia, a decision from the Workers' Compensation Board and an incident investigation report from Turner.

## Summary Judgment Standard

The court's function on a motion for summary judgment is issue finding rather than issue determination or assessing credibility. *Genesis Merchant Partners LP v Gilbride, Tusa, Last & Spellane LLC*, 157 AD3d 479 [1st Dept 2018]; *Meredian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508; 894 NYS 2d 422 [1st Dept 2010].

Summary judgment is a drastic remedy and is to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact. *See CPLR § 3212[b]; Friends of Thayer Lake LLC v. Brown*, 27 NY3d 1039; 33 NYS 3d 853 [2016]; *Vega v Restani Constr. Corp.*, 18 NY3d 499 [2012]. The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." *Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 833 [2014]. If the movant fails to make such prima face showing then the motion must be denied regardless of the sufficiency of the opposing papers *Winegrad v N.Y. Univ. Med. Ctr.* 64 NY 2d 851; 487 NYS 2d 316 (1985).

Once the movant has made a prima facie showing, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Alvarez v Prospect Hosp.*, 68 NY 2d 320; 508 NYS 2d 923 [1986]; and *Pemberton v New York City Tr. Auth.*, 304 AD2d 340 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment. *See Banco Popular N. Am. v Victory Taxi Mgmt.*, 1 NY3d 381 [2004].

## Labor Law §241(6)

To support a claim under Labor Law §241(6), Plaintiff must identify a specific and applicable Industrial Code provision that has been violated (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). Labor Law §241(6) is not self-executing, but requires reference to outside

2

[* 2]

sources to determine whether the safety measures actually employed on a job site were reasonable and adequate (*Zimmer v Chemung County Performing Arts. Inc.*, 65 NY2d 513, 523 [1985]).

In his bill of particulars, Plaintiff claims numerous violations of safety regulations, however, in the instant motion, Plaintiff only identifies the following predicates for liability under Labor Law §241(6): Industrial Code §23-1.7(d), §23-1.7(e)(1), §23-1.7(e)(2), and §23-2.1(b). On summary judgment, parties must lay bare their proofs, and thus the other predicates for which Plaintiff failed to raise a legal argument are deemed abandoned, and all claims based upon abandoned predicates are dismissed. (*see Burgos v Premier Props. Inc.*, 145 AD3d 506 [1st Dept 2016]; *see also 87 Chambers, LLC v 77 Reade, LLC*, 122 AD3d 540 [1st Dept 2014]). Analysis of the Industrial Code is guided by the Court of Appeals' repeated emphasis that it "should be sensibly interpreted and applied to effectuate its purpose of protecting construction laborers against hazards in the workplace" (*Badzaric v Almah Partners LLC*, 41 NY3d 310, 317 [2024]; *St. Louis v Town of N. Elva*, 16 NY3d 411, 416 [2011]).

Industrial Code §23-2.1(b), which addresses "disposal of debris" merely reiterates common law principles, and thus a violation thereof does not qualify as a predicate for a Labor Law §241(6) cause of action (*see, Armental v 401 Park Ave. South Assocs., LLC*, 182 AD3d 405 [1st Dept 2020]; *Quinlan v. City of New York*, 293 AD2d 262 [1st Dept 2002]; *also Mendoza v March Libre Assocs.*, 256 AD2d 133 [1st Dept 1998]). This subsection of the Industrial Code cannot support liability under Labor Law §241(6).

Industrial Code §23-1.7(d) states, "Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface … which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." Defendants argue that this subsection is inapplicable because the accident did not occur on a "floor, passageway, [or] walkway." Defendants also claim that the trash pipe was not a "foreign substance." Clearly, the concrete slab of the subcellar upon which Plaintiff fell constitutes a "floor" under the meaning of §23-1.7 (d). Similarly, the trash pipe qualifies as a "foreign substance" which rendered the surface of the floor slippery (*see Quigley v Port Authority of New York and New Jersey* (168 AD3d 65, 68 [1st Dept 2018] [where plaintiff slipped on a pile of snow-covered pipes, court recognized that pipes were the "foreign substance," not the snow]). Plaintiff has therefore made a prima facie case for liability under Labor Law §241(6) predicated upon a violation of Industrial Code §23-1.7(d).

Industrial Code §23-1.7 (e) (1) states, "All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping." Industrial

[* 3]

Code §23-1.7 (e) (2) states, "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." Defendants argue that §23-1.7(e) is inapplicable for several reasons: a) that the trash pipe was an integral part of the work being performed; b) that the location of the accident was not a "passageway" as described in (e)(1); c) that the pipe cannot be construed as "accumulated debris" or "scattered materials" because Plaintiff was in an open and ongoing construction site; and d) that Plaintiff "slipped" rather than "tripped" as required by §23-1.7 (e).

No distinction can be made between slipping and tripping with respect to the application of §23-1.7(e) in this case. Plaintiff alleges that he fell when he attempted to step on the ground in front of him, but instead stepped on a loose section of pipe. In these circumstances, there is no functional distinction to be drawn between slipping on that pipe or tripping over it, and the First Department has held that such a distinction is not dispositive of liability under § 23-1.7 (e) (*Fitzgerald v Marriott International, Inc.*, 156 AD3d 458, 459 [1st Dept 2017]; *Serrano v Consolidated Edison Co. of New York Inc.*, 146 AD3d 405 [1st Dept 2017]; *Lois v Flintlock Constr. Servs., LLC*, 137 AD3d 446 [1st Dept 2016]).

Plaintiff testified that he did not know what type of pipe he slipped on (NYSCEF Doc No. 79, TR-88-90). He also testified that it was not associated with any work performed by Urban Foundation (*Id.* at 186). In opposition, Defendants argue that Plaintiff cannot rely on either §23-1.7(d) or (e) as a predicate for liability because the "trash pipe" was "integral to the work being performed." In *Pereira v New School* (148 AD3d 410 [1st Dept 2017]) the Appellate Division held that plaintiff "established that the excess wet concrete discarded on the plywood on which plaintiff slipped was not integral to the work being performed by plaintiff at the accident site … Plaintiff did not work with concrete and concrete was not a part of his responsibilities in constructing the tables and forms used to hold the rebar and other ironwork in place" (148 AD3d at 412). Applying this precedent to the instant motion, Plaintiff has demonstrated that the "trash pipe" was not integral to the work he was performing, i.e., moving sections of concrete pipe from its storage location to where it was needed that day (*see Rossi v 140 West JV Manager LLC*, 171 AD3d 668 [1st Dept 2019] [cables from elevator shaft demolition [were] not inherent in, or an integral part of, the work being performed by either plaintiff electrician or (defendant contractor)"]; *Sternkopf v 395 Hudson N.Y., LLC*, 227 AD3d 579 [1st Dept 2024] ["discarded carpeting constituted debris that was not integral to the work being performed"]; *DeSimone v Structure Tone, Inc.*, 306 AD2d 90 [1st Dept 2003] [plaintiff tripped on pipes]). Hence, Plaintiff has established a prima facie case for liability under Labor Law §241(6), predicated upon Industrial Code §23-1.7 (d) and (e), and Defendants have failed to raise a triable issue of material fact. Accordingly, **Plaintiff's motion for partial summary**

4

judgment for liability under Labor Law § 241 (6) is granted in part, predicated upon Defendants' violations of Industrial Code § 23-1.7 (d), (e) (1) and (e) (2); and denied as to Industrial Code §23-2.1(b).

### Plaintiff's Claim under Labor Law § 200

Labor Law §200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see Licata v AB Green Ganswevoort, LLC*, 158 AD3d 487 [1st Dept 2018]). Pursuant to Labor Law §200, "liability for an injury resulting from a dangerous condition at the work site may be imposed on the owner where the owner either exercised supervision and control over the work or had actual or constructive notice of the unsafe condition." (*Higgins v 1790 Broadway Assoc.*, 261 AD2d 223, 225 [1st Dept 1999]). "A defendant has the authority to supervise or control the work for purposes of Labor Law §200 when that defendant bears the responsibility for the manner in which the work is performed" (*Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 676 [2d Dept 2013], *quoting Ortega v Puccia*, 57 AD3d 54, 62 [2d Dept 2008]). "[T]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence'" (*Austin v Consolidated Edison, Inc.*, 79 AD3d 682, 684 [2d Dept 2010] *quoting Gasques v State of New York*, 59 AD3d 666, 668 [2d Dept 2009]).

Plaintiff has failed to adduce any admissible evidence that Defendants exercised any control over the means or methods in which his work was performed. In fact, Plaintiff testified that he took all of his instructions from his foreman, Benny, and that he did not receive instructions from any of the Defendants (NYSCEF Doc #79, TR-212-215). Additionally, Plaintiff has failed to submit any admissible evidence demonstrating that Defendants created the defective condition that caused Plaintiff's injury or that Defendants had actual or constructive notice thereof. Hence, Plaintiff has failed to set forth a prima facie case for liability under Labor Law §200. Accordingly, **Plaintiff's motion for partial summary judgment for liability under Labor Law §200 is denied.**

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion is **GRANTED IN PART**, with respect to Plaintiff's cause of action under Labor Law §241(6), predicated upon Defendants' violations of Industrial Code §23-1.7(d), (e)(1), and (e) (2); and it is further

**ORDERED** that Plaintiff's motion is **DENIED** in all other respects; and it is further

5

[* 5]

**ORDERED** that Plaintiff shall serve notice of entry of this order upon all parties to this action within twenty (20) days of the date of this Decision and Order.

This constitutes the Decision and Order of this Court.

Dated: January 3, 2025

_____
HON. MYRNA SOCORRO, J.S.C.

6