| Pecoraro v City of New York |
|:---:|
| **Pecoraro v City of New York** |
| 2025 NY Slip Op 31100(U) |
| April 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160517/2018 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JEANINE R. JOHNSON**                    PART                   **15**

*Justice*

-------------------------------------------------------------------X

FRANK MARIO PECORARO,                                INDEX NO.          160517/2018

                                Plaintiff,              MOTION DATE        11/08/2024

            - v -                                      MOTION SEQ. NO.         005

THE CITY OF NEW YORK, THE CARNEGIE HALL
CORPORATION, TRANSEL ELEVATOR & ELECTRIC, INC.         **DECISION + ORDER ON**
D/B/A TEI GROUP                                              **MOTION**

                                Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 145, 146, 147, 148, 149, 150, 152, 153, 154, 155, 156

were read on this motion to/for             REARGUMENT/RECONSIDERATION            .

Upon the foregoing documents, Plaintiff – Frank Mario Pecoraro's motion to reargue the Court's prior decision dated 10/11/2024 (NYSCEF Doc. No. 141) pursuant to CPLR § 2221(d) is denied. This Court affirms its prior decision to deny Plaintiff's motion for summary judgment on the issue of liability against Defendants – The City of New York and The Carnegie Hall Corporation (hereinafter, collectively "Defendants") pursuant to Labor Law § 240(1), 241(6); and Labor Law §200 and common law negligence.

Plaintiff, in his affirmation (NYSCEF Doc. No. 146 ¶4), contends his motion should be granted because the Court:

a. misapprehended the relevant facts and/or misapplied the relevant law in denying Plaintiff's motion in its entirety pursuant to Labor Law §§ 240(1) and 241(6), where the evidence indisputably established that Plaintiff fell from a "platform" (a wet and slippery elevated gondola I-beam functioning as a scaffold) which Defendants expressly directed him to use to access the elevator machine room;

b. misapprehended the relevant fact that, notwithstanding the presence of warning signs directing individuals to not walk on top of the gondola rail, there was no other way to proceed to the elevator

**160517/2018  PECORARO, FRANK MARIO vs. CITY OF NEW YORK**                    **Page 1 of 6**
**Motion No.  005**

machine room at the time of the incident because the building's broken window washing machine blocked any alternative access to the machine room;

    c.  misapprehended the relevant facts in finding disputes of material fact as to whether "Defendants caused or created the hazardous condition and whether they exercised discretion and control over Plaintiff's activities" (Exhibit "D" at p. 3) where the evidence established that Defendant Carnegie Hall (1) explicitly directed Plaintiff to climb onto the I-beam in order to proceed to the machine room, (2) failed to correct a hazardous condition of which it had actual and constructive notice pursuant to a 2016 Memorandum expressly warning Carnegie Hall that workers were constrained to step on the I-beam to access the machine room, which was a dangerous practice that should be remedied by the installation of a staircase, and (3) created the injury-producing condition by instructing Plaintiff to walk on top of the I-beam to access the elevator motor room, thereby entitling Plaintiff to summary judgment with respect to liability on his Labor Law § 200 and common law negligence claims against Defendant Carnegie Hall.

"A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law." *Mangine v Keller*, 182 A.D.2d 476, 477 (1st Dept 1992); *Foley v Roche*, 68 A.D.2d 558, 567 (1st Dept 1979). "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided or to present arguments different from those originally asserted." *William P. Pahl Equip. Corp. v Kassis,* 182 AD2d 22, 27 (1st Dept 1992). Plaintiff presents

## Labor Law § 240(1)

Labor Law § 240(1) provides that all contractors and owners shall furnish or erect, or cause to be furnished or erected scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so construed, placed and operated as to give proper protection to [construction workers employed on the premises]." *Ross v. Curtis-*

**160517/2018  PECORARO, FRANK MARIO vs. CITY OF NEW YORK**                    **Page 2 of 6**
**Motion No.  005**

2 of 6

[* 2]

*Palmer Hydro-Electric Co.*, 81 N.Y.2d 494, 500 (1993). "To prevail on a section 240(1) claim, the plaintiff must show that the statute was violated, and the violation was a proximate cause of his injuries." *Anderson v. MSG Holdings, L.P.*, 146 A.D.3d 401, 402 (1st Dept 2017).

Plaintiff reiterates his previous argument that Defendants violated Labor Law § 240(1) as a matter of law because they "failed to provide Plaintiff with proper and appropriate safety devices to protect him against elevation-related hazards, specifically a three-to-four-foot fall from a wet and slippery gondola I-beam that he was directed to utilize as the functional equivalent of a scaffold to perform his construction work." Pl. Aff. ¶ 15. Plaintiff reasserts that he was instructed by a Carnegie Hall building engineer to access the elevator repair room (hereinafter, "worksite") by walking across a gondola rail because the usual pathway to the worksite was blocked by a window washing unit. Plaintiff reargues that walking across the gondola rail was the only way to access the worksite.

In its opposition to Plaintiff's motion for summary judgment and in its opposition to the instant motion, Defendants rely on the testimony of Carnegie Hall Building Engineer – Joseph Fabricante, which states that it is unlikely an employee would direct Plaintiff to do so because of the clear warning sign to not walk across the gondola rail. Fabricante Dep. p. 98: 11-21. When discussing whether an alternate route was available, Mr. Fabbricante stated: "there is no walking along the rails, okay. The only option is you can cross the rails and step down to the green roof, cross the rail where there is dunnage. That's it." Fabricante Dep. p. 97:10-14.

This Court affirms its finding that the conflicting testimony clearly presents a triable issue of fact as to whether Labor Law § 240(1) was violated. In *Gomez*, the court held that Labor Law § 240(1) had been violated when the fire escape the plaintiff was working on detached from the building and the plaintiff fell two stories. The First Department concluded that the fire

escape was the functional equivalent of a scaffold, and the evidence showed that it was necessary for plaintiff to stand on the exterior fire escape to remove a window on the third floor of the building. *Gomez v. City of New* York, 63 A.D.3d 511 (1st Dept 2009). Here, unlike in *Gomez*, there is a material dispute as to whether "it was necessary" for Plaintiff to use the gondola rail to access the worksite thus converting it to a platform or scaffold.

Labor Law § 241(6)

Labor Law § 241(6) mandates that all areas in which construction, excavation or demolition work is being performed are to be kept in a state that provides reasonable and adequate protection and safety to those employed therein or lawfully there. NY Labor § 241(6); *see generally Pereira v. New School*, 148 A.D.3d 410 (1st Dep't 2017). Plaintiff's § 241(6) claim is predicated on a violation of Industrial Code § 23-1.7(d) and Industrial Code § 23-5.3(e). Industrial Code § 23-1.7(d) is violated when an employer permits a passageway, walkway, scaffold, platform, or other elevated working surface to be in a slippery condition. *Pereira v. New School*, 148 A.D.3d 410 (1st Dep't 2017). Industrial Code § 23-5.3(e) states: "safety railing constructed and installed in compliance with this Part (rule) shall be provided for every metal scaffold."

This Court affirms its decision that a material fact in dispute exists concerning a violation of Labor Law § 241(6). Industrial Code § 23-1.7(d) and Industrial Code § 23-5.3(e) could only apply once a trier of fact has determined that the gondola rail was used (a) as the functional equivalent of a scaffold, and (b) for the purpose of persons walking across it which would then trigger an obligation to install safety railing. Defendants provided a clear warning sign directing persons to not walk on the gondola rail. (NYSCEF Doc. No. 108). Additionally, Defendants

**160517/2018 PECORARO, FRANK MARIO vs. CITY OF NEW YORK**
**Motion No. 005**

Page 4 of 6

[* 4]

provided testimony from the building engineer affirming that it is not recommended for the gondola rail to be used as a walkway. Plaintiff's restated arguments remain insufficient as a basis for partial summary judgment. *See generally Santos v. Condo 124 LLC*, 161 A.D.3d 650 (1st Dept 2018) (court held that § 23-5.3(e) was inapplicable because plaintiff did not claim he was caused to fall due to inadequate railings).

Labor Law § 200 or Common Law Negligence

Labor Law § 200 or common law negligence mandates that owners and contractors take reasonable steps to shield workers and give them safe workplaces. *See generally Lourenco v. City of New York*, 288 A.D.3d. 577 (1st Dep't 2024). "An implicit precondition to this duty to provide a safe workplace to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition." *Russin v. Louis N. Picciano & Son*, 54 N.Y.2d 311 (1981).

This Court affirms its decision that a material fact in dispute exists concerning a violation of Labor Law § 200 or common law negligence. Plaintiff testified that he showed his employer that the typical pathway to the worksite location was blocked and was told by his employer to walk along the gondola rails. This alone raises a question of material fact as to whether Defendants exercised authority over Plaintiff's actions that brought about his injuries. Plaintiff is correct in his assertion that a determination of the proximate cause of his injuries would affect an award of damages. However, the conflicting evidence surrounding who had authority and control of Plaintiff's actions precludes the Court from granting summary judgment on liability. Therefore, this Court affirms its decision denying Plaintiff partial summary judgment on liability.

160517/2018 PECORARO, FRANK MARIO vs. CITY OF NEW YORK
Motion No. 005

Page 5 of 6

Accordingly it is hereby,

AFFIRMED that Plaintiff's motion to reargue is denied in its entirety; it is further

ORDERED that the matter is transferred to Part 52.

This constitutes the Decision and Order of the Court.

HON. JEANINE R. JOHNSON
J.S.C.

_____ 04/02/2025 _____
DATE

JEANINE R. JOHNSON, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]