Bowden v Summit Glory Prop. LLC (2025 NY Slip Op 03155)

Bowden v Summit Glory Prop. LLC

2025 NY Slip Op 03155

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 159509/18|Appeal No. 4447|Case No. 2024-05772|

[*1]John Bowden, et al., Plaintiffs-Respondents,
v
Summit Glory Property LLC, et al., Defendants-Appellants-Respondents, Hunter Roberts Construction Group, L.L.C., Defendant, Marlboro Group International LLC, Defendant-Respondent-Appellant.

Marlboro Group International LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Cord Contracting Co., Inc., Third-Party Defendant-Respondent.

Kennedys CMK LLP, New York (Erik J. Pedersen of counsel), for Summit Glory Property LLC, appellant-respondent.
Cozen O'Connor, New York (Amanda L. Nelson of counsel), for Booking Holdings Inc., appellant-respondent.
Carol R. Finocchio, Water Mill, for respondent-appellant.
Friedman, Levy, Goldfarb, Green & Bagley. P.C., New York (Nicolas Bagley of counsel), for John Bowden and Michalina Bowden, respondents.
Gerber Ciano Kelly Brady, LLP, Garden City (Brendan T. Fitzpatrick of counsel), for Cord Contracting Co., Inc., respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered August 13, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on the Labor Law § 241(6) claim, denied defendant Booking Holdings Inc.'s motion for summary judgment dismissing plaintiffs' claims as against it and on its claims against defendant Marlboro Group International LLC for contractual and common-law indemnification, denied Marlboro's motion for summary judgment dismissing plaintiffs' claims and all cross-claims against it, and denied defendant Summit Glory Property LLC's motion for summary judgment dismissing plaintiffs' claims and all cross-claims against it and on its claims for contractual and common-law indemnification against Booking and Marlboro, unanimously modified, on the law, to grant Booking's motion for summary judgment on its claims for contractual and common-law indemnification as against Marlboro, grant Summit's motion for summary judgment on its common-law indemnification claim against Marlboro, grant Marlboro's motion for summary judgment dismissing Summit's contractual indemnification claim against it, and otherwise affirmed, without costs.
Plaintiff' a union carpenter, employed by third-party defendant core contracts to do rough carpentry including plastering and sheetrock work, was injured when he tripped on a portion of unsecured Masonite that covered finished flooring in a hallway of the leased commercial space in Summit's building. Booking, the lessee, hired Marlboro as the general contractor on the buildout of its leased space, and Marlboro had the obligation to install, inspect, and maintain the Masonite floor cover.
Plaintiffs' evidence, including photographs, deposition testimony, and a video indicating the Masonite was missing tape to hold it securely in place, along with the lack of proof to show when the Masonite was last inspected, established their prima facie entitlement to summary judgment on the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(1) (see Pereira v New Sch., 148 AD3d 410, 412 [1st Dept 2017]). In opposition, defendants failed to raise a triable issue of fact. Defendants' argument that the Masonite was integral to plaintiff's work, and thus a defense to his Labor Law § 241(6) claim, is unavailing, as there was no evidence to show the hazardous Masonite condition was inherent to plaintiff's task at hand (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 320-321 [2024]; Pereira, 148 AD3d at 412).
As plaintiffs demonstrated entitlement to summary judgment on the Labor Law § 241(6) claim, defendants' arguments for summary dismissal of the claims under Labor Law § 200 and common-law negligence are academic (see e.g. Ortega-Estrada v 215-219 W. 145th St. LLC, 118 AD3d 614, 615 [1st Dept 2014]). In any event, defendants' arguments as to those claims are unavailing, as they failed to offer evidence as to when the Masonite was [*2]last inspected (see Pereira, 148 AD3d at 412-413; Bolson v UJA-FED Props., Inc., 224 AD3d 584, 585 [1st Dept 2024]).
Summit's contractual indemnification claim against Marlboro should be dismissed. There is no contract between Summit and Marlboro (see e.g. A & E Stores, Inc. v U.S. Team, Inc., 63 AD3d 486, 486 [1st Dept 2009]), and the language in the general contractor agreement between Booking and Marlboro does not evince an unmistakable intent that Marlboro indemnify Summit (see Levine v Shell Oil Co., 28 NY2d 205, 212 [1971]). The reference to "Owner" in the Booking/Marlboro indemnification agreement, when reasonably interpreted in the context of such agreement, refers to Booking, since the general contractor agreement referenced Booking (the lessee) as "Owner." An alleged promise to indemnify "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]). Notwithstanding Summit's arguments otherwise, the facts here do not unmistakably demonstrate that Summit was an intended third-party beneficiary of Marlboro's contractual obligations with Booking, even though the "rules" of Booking's lease were appended to the Booking/Marlboro general contractor agreement.
Summit is entitled to summary judgment on its claim against Marlboro for common-law indemnification, as it established that it will be held "vicariously liable without proof of any negligence or actual supervision on its own part" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]). There is no evidence to indicate that Summit had actual or constructive notice of the Masonite hazard, or that it directly supervised or controlled the work on the leased premises.
Summit established prima facie entitlement to summary judgment on its contractual indemnification claim against Booking. The indemnity language in the lease between Summit and Booking obligated Booking to indemnify and hold Summit harmless for liability arising out of the work of its general contractor, Marlboro, where the injury was attributable to the general contractor's negligence. However, Summit's claim against Booking for common-law negligence was properly dismissed, as there was no evidence to indicate that negligence on Booking's part proximately caused plaintiff's injuries (see Pena v Intergate Manhattan LLC, 194 AD3d 576, 578 [1st Dept 2021]).
The indemnity language running from Marlboro to Booking in section 3.18.1 of the Booking/Marlboro general contractor agreement demonstrates that the parties clearly intended that Marlboro would indemnify Booking in such circumstances as exist here. Thus, the indemnification provision should be enforced in Booking's favor (see Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987]).
As to third-party defendant cord contracting Co., Supreme Court dismissed the third-party action in a prior order, entered on [*3]or about September 29, 2022. Although notice of entry for that order was served on September 30, 2022, Marlboro did not take an appeal and the time to appeal has long since expired. As a result, Cord is no longer a party to this action and Marlboro cannot continue to litigate the third-party claims as against it.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025